503 So.2d 104 (1987)
Sandra Granier SCHEXNAYDER
v.
Delbert J. SCHEXNAYDER.
No. 86-CA-410.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1987.
Rehearing Denied March 17, 1987.
Writ Denied May 29, 1987.
*105 Mary Hotard Becnel, LaPlace, for plaintiff-appellee.
Robert R. Faucheux, Jr., Reserve, for defendant-appellant.
Before KLIEBERT, WICKER and GOTHARD, JJ.
WICKER, Judge.
The plaintiff, Delbert Schexnayder (Delbert) appeals the trial judge's dismissal of his petition for nullity of the community property partition between him and the defendant, his ex-wife Sandra Schexnayder (Sandra). We affirm.
Delbert argues that the trial judge's ruling that the partition signed by the parties "was a valid legal and binding partition agreement" ignores post-agreement factors such as fraud in accounting and failure of consideration.
Delbert and Sandra obtained a legal separation, with child support awarded to Sandra. They entered into an Act of Partition dated March 18, 1976.[1] The Act of Partition conveyed to Sandra a house, allegedly worth $40,000.00. In return, Sandra executed in Delbert's favor a $20,000.00 noninterest-bearing promissory note, payable at the rate of $200.00 per month beginning March 1, 1976. They reconciled for several months but eventually separated once again and were divorced May 14, 1984. The judgment of divorce condemned Delbert to pay child support of $600.00 per month.
No payments were ever made on the note. However, Sandra did "offset" Delbert's child support liability in the amount of $200.00 per month.
Delbert's Petition for Nullity was filed March 8, 1985, and was combined with Sandra's Motion for Contempt and Child Support Arrearages. Both were tried on October 16, 1985 and November 8, 1985.
The judgment of February 25, 1986, awarded arrearages, decreased child support, and approved the set-off type mechanism between Delbert's child support payments and Sandra's promissory note payments.
Delbert moved for a new trial on March 4, 1986, which was denied. He also appealed on March 12, 1986. Sandra moved for a supplemental and amended judgment on March 20, 1986; and this motion resulted in an amended judgment of March 25, 1986. This judgment appears to address responsibility for medical and hospital expenses beyond policy coverage and stipulates how and to whom child support payments are to be made.
By his amended judgment, the trial judge changed the substance of his previous ruling. La.-C.C.P. art. 1951 provides, however, that a final judgment may be amended only to alter the phraseology but not the substance or to correct errors of calculation. Judgments may be amended only when the amendment takes nothing away from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Naulty v. Oupac, Inc., 448 So.2d 1322 (La.App. 5th Cir.1984).
The proper procedure to correct a substantive error is through the motion for a new trial or the appeal. Williams v. Payne & Keller, Inc., 442 So.2d 1207 (La. App. 5th Cir.1983). An amended judgment *106 which is improperly granted is null, and the prior judgment is reinstated. Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir.1970). The amended judgment of the trial court clearly changes the substance of the original judgment. This latter judgment is a nullity.
Both parties and Daniel Becnel, the attorney who confected the Act of Partition, testified.
Becnel testified that he advised Sandra, his client, that she could set off her debt to Delbert against his child support debt to her. "I said that if [sic] was not paying her that she did not have to take the funds if he was not paying child support ... to get together with him and deduct an equal amount from what she owed him."
Sandra testified that she credited herself with $4,200.00 in unpaid child support for the period of time between the first judgment of child support and their reconciliation. No payments, either of child support or on the promissory note, were paid from the time of the reconciliation until the legal separation of July 7, 1983, and the divorce of May 14, 1984. Sandra admitted a balance of $15,800.00 owed to Delbert and expressed a willingness to pay that balance.
We find sufficient credible evidence to support an agreement between the parties to employ a set-off mechanism. The trial judge did not err in upholding the validity of the act of partition and set-off agreement. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). Furthermore, Delbert must have been satisfied with this situation, since he didn't complain of it in the nine years between signing the act of partition and filing his nullity suit.
We specifically hold, as did the trial judge, "that Sandra Schexnayder's agreement to accept a $200.00 reduction in child support to be applied toward the $20,000.00 promissory note in favor of Delbert Schexnayder was good and sufficient consideration" at the time of the Act of Partition and remains good and sufficient consideration at the present time.
Delbert's testimony showed absolutely no evidence of the fraud and lesion alleged in his petition for nullity. He has also failed to prove any subsequent events which should nullify the partition agreement in question.
We affirm the decision of the lower court dismissing Delbert's petition for nullity.
Delbert must pay all costs of this appeal.
AFFIRMED
NOTES
[1] While the date on the act is 1975, testimony shows that this was an error and the actual date was 1976.