552 So.2d 1326 (1989)
Carroll J. HEBERT
v.
MELCO STEEL, INC. and American Casualty Insurance Co.
No. 89-CA-268.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1989.
Cyril G. Lowe, Jr., Hulse, Nelson and Wanek, New Orleans, for defendants/appellants, Melco Steel, Inc. and American Cas. Co. of Reading, Pa.
Santo A. Dileo, New Orleans, for plaintiff/appellee, Carroll J. Hebert.
Before CHEHARDY, BOWES and DUFRESNE, JJ.
BOWES, Judge.
Appellants, Melco Steel, Inc. (hereinafter Melco) and American Casualty Insurance Company of Reading, Pennsylvania (hereinafter American), appeal a judgment of the district court dated December 19, 1988, which appellants contend is an impermissibly amended judgment. We agree, and annul the judgment.
Plaintiff-appellee, Carroll J. Hebert, filed a suit in district court on June 29, 1988, for worker's compensation benefits, penalties and attorney fees. Mr. Hebert alleged that he suffered a work-related heart attack on March 9, 1987, and requested total and permanent disability. Trial was held on November 2, 1988, and the trial court took the matter under advisement. On December 9, 1988, the court rendered judgment in favor of Mr. Hebert and against the defendants, Melco and American, in the amount of $17,399.13 (which amount apparently represents compensation due up to the date of trial) subject to a credit for any worker's compensation payments previously paid by defendants; 12% penalties and legal interest on the unpaid amount due, plus attorney's fees of $5,000.00. Defendants were further ordered to pay the expert witness fees.
No party to the litigation moved for a new trial, or filed a motion to appeal that judgment of December 7, 1988. Subsequently, however, on December 19, 1988, the trial court rendered a "Supplemental Judgment", which stated:
The Court rendered a decision in the matter on December 7, 1988. The following damages are awarded in addition to the December 7, 1988 judgment.
The court then went on to find plaintiff-appellee temporarily totally disabled and entitled to compensation in the amount of $199.99 per week, to be reinstated as of November 2, 1988; additionally, future medical benefits were awarded.
Melco and American have taken an appeal only from this supplemental judgment, contending that said judgment is in contravention of LSA-C.C.P. art. 1951. Appellee has answered the appeal, requesting 12% penalties on all weekly payments "not paid when due", and for additional attorney fees.
*1327 We agree with appellants that the judgment of December 19, 1988, was unauthorized under C.C.P. art. 1951, and, therefore, is null and without effect. C.C.P. art. 1951 states:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance, or
(2) To correct errors of calculation.
Thus, the judgment may be amended by the court where the judgment takes nothing away from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978).
As a general rule, a final judgment is not subject to substantive amendment by the trial judge on his own motion or motion of any party. In such an event, the proper recourse is a timely application for new trial or a timely appeal. Villaume, supra; Hebert v. Hebert, 351 So.2d 1199 (La.1977). The district judge may grant a limited or unlimited new trial but, until it does, it cannot modify its previous judgment as to substance. Weber v. Bon Marche Pharmacy, Inc., 378 So.2d 520 (La.App. 4 Cir. 1979). As we noted above, no party moved for a new trial, nor does the record show that the court granted a new trial on its own motion; there is no indication that the court considered that it had granted a new trial, and certainly no hearing on such was held. In any event, it would be error for the trial court, after granting a new trial, to render judgment without reassigning the case for trial. Loomis v. Connecticut General Life Insurance Co., 160 So.2d 270 (La.App. 4 Cir.1964); Pickering v. Hibernia National Bank, 306 So.2d 469 (La. App. 4 Cir.1975); Mitchell v. Windham, 426 So.2d 759 (La.App. 3 Cir.1983). Therefore, even if we were able to consider the judgment as having been granted pursuant to a motion for new trial, in the absence of a hearing on such new trial, the amending judgment is null.
The judgment of December 19, 1988, by its own terms, granted relief "in addition to" the relief previously granted. Because it clearly adds substantive relief to the original judgment, it cannot be amended under C.C.P. art. 1951. Villaume, supra; Schexnayder v. Schexnayder, 503 So.2d 104 (La.App. 5 Cir.1987).
Appellee urges in brief that the supplemental judgment awarded him the "future" temporary total disability that was "implicit" in its past due award. We cannot agree. We find nothing in the record to indicate that the Court intended, by the close of trial, to award temporary total benefits. The Court could have found, on the evidence presented, that appellee was no longer totally disabled at the time of trial. We are unable to read into the judgment of December 7th any intent on the part of the trial court to grant appellee temporary total benefits.
The usual remedy of the appellate court which finds an amended judgment null is to vacate the amending judgment and reinstate the original judgment. Schexnayder, supra; Teague v. Barnes, 519 So.2d 817 (La.App. 5 Cir.1988). Because the amending judgment has been found to be null, the appellee's answer as it relates to that judgment must be dismissed. Clearly, we cannot entertain an answer which seeks penalty payments due under a null judgment. Neither has appellee demonstrated entitlement to any further attorney fees.
For the foregoing reasons, the judgment of December 19, 1988, is annulled and set aside and the judgment of December 7, 1988, is reinstated as the final judgment in the present case. Appellee is assessed costs of the appeal.
ANNULLED AND SET ASIDE.