683 So.2d 836 (1996)
ALLIANCE FOR GOOD GOVERNMENT, INC.
v.
JEFFERSON ALLIANCE FOR GOOD GOVERNMENT, INC.
No. 96-CA-309.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 1996.
*837 Peter R. Borstell, Stegeman & Associates, Gretna, for Alliance for Good Government, Inc.
David R. Sherman, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, S. Michael Cooper, Jefferson, for Jefferson Alliance for Good Government, Inc.
Before BOWES, GRISBAUM and GOTHARD, JJ.
BOWES, Judge.
Plaintiff/appellant, Alliance For Good Government, Inc., appeals two judgments of the district court. For the following reasons, we annul and set aside the amended judgment dated October 3, 1995 and reinstate the judgment rendered September 22, 1995.

FACTS
The Alliance For Good Government, Inc. ("Alliance") filed a petition for a temporary restraining order and a rule for a preliminary injunction against the Jefferson Alliance For Good Government ("Jefferson Alliance") on August 9, 1995. The petition alleged that Alliance was an organization of concerned citizens who endorse, and campaign for, candidates for public office; and that a logo and trademark consisting of a blue eagle with stretched wings and bearing the words "Alliance For Good Government" had been registered by Alliance with the Secretary of State on March 24, 1995. The petition continued that a chapter of the organization had been established in Jefferson Parish to perform the same services 10 years before; and that on March 28, 1995, former members of its organization incorporated the defendant corporation Jefferson Alliance, which was registered with the Secretary of State.
According to the petition, Alliance has exclusive use of its name and emblem, and suffered ill will due to the use of its name by Jefferson Alliance. Alliance prayed for a *838 temporary restraining order and a preliminary injunction restraining Jefferson Alliance from acting or claiming to act in its behalf and from using its exclusive name and logo.
A temporary restraining order was issued and the hearing for a preliminary injunction was set for trial. On September 22, 1995, the trial court issued a judgment granting the injunction as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that an injunction issue enjoining the defendant, Jefferson Alliance For Good Government, Inc., from using the corporate name, "Alliance For Good Government, Inc." and the emblem and/or logo consisting of a blue eagle with stretched wings bearing the words, "Alliance For Good Government, Inc." is hereby granted.
On October 3, 1995, Jefferson Alliance filed a motion for amendment of judgment, stating that it did not object to the substance of the September judgment, but that the judgment was silent on the issue of whether it could use the name "Jefferson Alliance For Good Government, Inc." Jefferson Alliance proposed that the court allow it to use the name of "Jefferson Alliance For Good Government, Inc.," and submitted an amended judgment to that effect, alleging that such merely clarified the original judgment by specifying that the use of that name was not enjoined.
On that same day, the court granted the motion and amended the September judgment, in pertinent part as follows:
Consistent with the relief prayed for by plaintiff in its petition, and consistent with the original judgment dated September 22, 1995, the original judgment is hereby amended for clarification purposes pursuant to LSA-C.C.P. Article 1951 as follows:
IT IS ORDERED ADJUDGED AND DECREED that defendant, Jefferson Alliance For Good Government, Inc., is enjoined from using the name "Alliance For Good Government" but not the name "Jefferson Alliance For Good Government."
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the original judgment dated September 22, 1995, is, in all other respects unchanged.
Plaintiffs filed a motion for nullity of that amended judgment, urging that the amendment was a substantial alteration from both the original judgment itself, as well as from the reasons orally assigned. It was further alleged that the amendment could not be made ex parte and, that since the defendant had failed to file a motion for new trial or for appeal, the amended judgment was null and the original judgment of September 22 should be reinstated. The court summarily denied the motion.
Alliance has appealed essentially on the same grounds as was stated in its petition for nullitythat is, that the amendment was a substantial change rather than a clarification. Jefferson Alliance avers that the issue of whether the original judgment is correct is not before the Court. For the reasons to follow, we annul and set aside the judgment of October 3 and reinstate the original judgment of September 22, 1995.

ANALYSIS
La. C.C.P. art.1951 provides that:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Thus, a judgment may be amended by a trial court where the judgment takes nothing away from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Hebert v. Melco Steel, Inc., 552 So.2d 1326 (La.App. 5 Cir. 1989).
As a general rule, a final judgment is not subject to substantive amendment by the trial judge on his own motion or motion of any party. In such an event, the proper recourse is a timely application for new trial or a timely appeal. Villaume, supra; Hebert, supra. The district court may grant a limited or unlimited new trial, but until it does, it cannot modify its previous judgment as to substance. Hebert, supra.
*839 In Hebert v. Hebert, 351 So.2d 1199 (La. 1977), the Supreme Court rejected the idea that a written judgment could be amended to reflect oral statements by the trial court, stating:
A written judgment may be revised before it is signed thus eliminating many possibilities of error or misunderstanding. In the event a substantive error nevertheless creeps into the written judgment the aggrieved party has recourse to a timely application for a new trial or a timely appeal.
Article 1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial court's actual intention, McLemore v. Fox, 609 So.2d 1209 (La.App. 3 Cir.1992), referring to Hebert, supra. Although an amendment may be permitted where the parties to the judgment agreed to the amendment, Villaume, supra.
In the present case, the court added in the amended judgment that defendant was not enjoined from using the name "Jefferson Alliance For Good Government." Although defendant characterizes this as a mere clarification, we disagree and find that it is clearly an addition to the judgment which is prohibited under the law and the jurisprudence. Even if the trial court originally intended to permit the name use, which is not evident from its oral remarks following the trial, it may not substantively alter the judgment on an ex parte motion of the defendant.
Since this second judgment grants to plaintiff additional relief, we hold that it clearly alters the substance of the first judgment in violation of the prohibition contained in La. C.C.P. art.1951, supra and, absent any agreement to amend, renders this second judgment null and void. ITT Residential Capital Corp. v. Cheuk, 94-744 (La.App. 5 Cir. 5/30/95), 656 So.2d 747, writ denied, 95-1634 (La.10/6/95), 661 So.2d 465.
The usual remedy applied by an appellate court which finds an amendment made by an ex parte motion as to substance in a judgment is to annul and set aside the amending judgment and reinstate the original judgment. Hebert, supra; Teague v. Barnes, 519 So.2d 817, 822 (La.App. 5 Cir. 1988); Tolmas v. Weichert, 616 So.2d 244 (La.App. 4 Cir.1993).
Accordingly, we annul and set aside and annul the amended judgment of October 3, 1995, and reinstate the judgment of September 22, 1995. Costs of this appeal are assessed to appellee Jefferson Alliance.
JUDGMENT OF OCTOBER 3, 1995 ANNULLED AND SET ASIDE; ORIGINAL JUDGMENT OF SEPTEMBER 22, 1995 REINSTATED.