IzGOTHARD, Judge.
Defendant, West Jefferson Hospital, appeals two judgments of the Office of Workers’ Compensation in which the hospital was ordered to satisfy the outstanding judgment against it along with penalties, attorney fees, legal interest, and costs.
The record shows that claimant, Dana Klees Brown, filed a disputed claim for workers’ compensation on June 19, 1990 against her employer, West Jefferson Hospital. After a trial on the merits, judgment was rendered on August 31, 1994 in favor of Brown finding that she was injured in the course and scope of her employment on November 27, 1987, and was entitled to payment of temporary total disability benefits in the amount of $216.70 from November 27, 1987 through | gAugust 17,1988, along with supplemental earning benefits and payment of all medical expenses. That judgment also found *1011 West Jefferson to be arbitrary and capricious in its failure to pay benefits. Accordingly, attorney’s fees and penalties were assessed against West Jefferson.
The matter was appealed, and in an unpublished opinion rendered on October 18, 1995, this court affirmed the judgment of the Office of Workers’ Compensation. West Jefferson sought review in the Louisiana Supreme Court, but was denied such review on February 19, 1996. Nonetheless, West Jefferson still did not pay the judgment. Instead, on March 5,1996, West Jefferson filed a petition for concursus in a tort suit filed by Brown against another defendant in Orleans Parish in which West Jefferson deposited $89,931.18 into the registry of the court.
On June 21,1996, Brown filed a “Motion to Compel and for Penalties and Attorney’s Fees” with the Office of Workers’ Compensation seeking an order compelling West Jefferson to immediately pay the judgment under penalty of contempt. The motion also sought an award of attorney’s fees. The motion includes a certification by counsel for Brown that a copy of the pleading was mailed to opposing counsel. At the hearing on the motion held on July 26, 1996, only Brown’s counsel appeared. After hearing counsel’s argument, the hearing officer ruled in favor of claimant ordering West Jefferson to satisfy the outstanding judgment. The transcript also indicates that the trial court awarded penalties in the amount of 24% in accordance with LSA-R.S. 28:1201 and reasonable attorney’s fees.
The judgment was reduced to writing on August 9,1996. However, although the written judgment awarded penalties and attorney’s fees, no specific amounts |4were mentioned. Consequently, a motion for new trial was filed on August 16,1996. In response to that motion, the hearing officer rendered an amended judgment on September 3, 1996, incorporating the previous judgment and awarding penalties in accordance with LSA-R.S. 23:1201 G[1]. Further, the amended judgment awards attorney’s fees in the amount of $3,000.00.
While West Jefferson appeals both judgments, it makes no argument concerning the substance of either ruling. Rather, it argues that the first judgment is an absolute nullity for lack of service, and further, that the amended judgment is an absolute nullity because it is an impermissible substantive amendment to a final judgment.
In support of its argument that both judgments are nullities for lack of service, West Jefferson cites LSA-C.C.P. art 2002(2), which provides for the annulment of a final judgment if it is rendered, “against a defendant who has not been served with process as required by law and who had not entered a general appearance”. In the case at bar, West Jefferson was served with the original disputed claim for workers’ compensation benefits, answered and defended the suit, was cast in judgment, and appealed the final ruling to this Court and the Louisiana Supreme Court. The record contains certification that a copy of that judgment was mailed to defendant on August 12, 1996. West Jefferson concedes that it received notice of the August 9, 1996 judgment ordering it to “satisfy the judgment, with penalties, attorney’s fees, legal interest and costs within thirty days”. Further, West Jefferson admits in brief to this court that it was not “offended” by the ruling.
IsLSA-C.C.P. art. 2003 provides:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
We find that under the circumstances of this case, West Jefferson is not entitled to an annulment of the August 9, 1996 judgment.
The amended judgment dated September 3,1996 is more problematic. West Jefferson asserts that the amended judgment is an absolute nullity because it constitutes an impermissible substantive change in violation of LSA-C.C.P. art. 1951 which provides that a *1012 final judgment may be amended, “to alter the phraseology of the judgment, but not the substance”. In support of its argument, West Jefferson cites Hebert v. Melco Steel, Inc., 552 So.2d 1326 (La.App. 5 Cir.1989). In Hebert this court annulled an amendment to a final judgment where the trial court substantively altered a final judgment without motions from either party. The instant case is clearly distinguishable in that the record contains a timely filed new trial motion from the plaintiff requesting that penalties and attorney’s fees, already awarded in the original judgment, be quantified.
Although it appears the trial court rendered the amended judgment pursuant to that new trial motion, there is no indication in the record that a hearing on the motion was held as mandated by C.C.P. art 1976, or that a new trial was granted which resulted in the amended judgment. Consequently, the amended judgment must be set aside. However, because we conclude that the motion for new trial has not been acted upon and is still viable, we remand the matter to the trial court for a hearing on that motion.
leFor the foregoing reasons, the judgment of August 9,1996 is affirmed. The judgment of September 3, 1996 is set aside, and the matter is remanded to the trial court for consideration of the new trial motion.
AFFIRMED IN PART; SET ASIDE IN PART AND REMANDED.

. Although the judgment cites LSA-R.S. 23:1201 F, the award tracks the language found in LSA-R.S. 23:1201 G as amended in 1995.