708 So.2d 1240 (1998)
Bonnie Pridgett Rhodes, wife of Arthur Dale RHODES
v.
Arthur Dale RHODES.
No. 97-CA-912.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1998.
*1241 John H. Ryan, Gordon P. Serou, New Orleans, for Plaintiff/Appellee.
Sydney J. Parlongue, New Orleans, for Defendant/Appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This appeal arises from an amending judgment. We annul and set aside the amending judgment and reinstate the original judgment.
Plaintiff/appellee, Bonnie Pridgett Rhodes, filed a petition on April 15, 1992 seeking a divorce from defendant/appellant, Arthur Dale Rhodes, based upon living separate and apart for a period in excess of six months. Thereafter, on August 13, 1992, the trial court rendered a judgment granting a divorce, in pertinent part, as follows:
Considering the testimony of the plaintiff and her witness and a Sworn Affidavit Acknowledging Receipt of a Certified Copy of the Petition and Waiving Formal Citation, Service of Process, All Legal Delays, Notice of Trial and Appearance at Trial, in which defendant voiced no objection to either a divorce being granted as requested or the partition of community of acquest and gains and payments in lieu of alimony as contained in this petition, and in confirmation of the preliminary default which was granted on July 23, 1992, both the law and the evidence being in favor of Bonnie Pridgett Rhodes, petitioner herein,
IT IS ORDERED, ADJUDGED AND DECREED THAT:
1. There be judgment herein in favor of Bonnie Pridgett Rhodes granting the divorce a vinculo matrimonii, based on living separate and apart for more than six months without reconciliation prior to the petition for divorce being filed, and decreeing her to be free from fault;
2. The community of acquest and gains that existed between the parties herein be partitioned as follows, which plaintiff agrees to accept in lieu of alimony:
* * * * * *
c. Petitioner is to receive one-half of all retirement and/or death benefits payable to defendant at the latter's retirement or death ...
On August 6, 1997, plaintiff/appellee filed an ex parte motion to amend phraseology in judgment. In the motion, plaintiff/appellee contended that the language in paragraph 2c was insufficient because it did not comply with the Uniform Services Former Spouses' Protection Act. Plaintiff/appellee further contended that her proposed amendments would *1242 not change the substance of the judgment dated August 13, 1992.
On that same day, the trial court rendered an judgment amending the prior judgment as follows:
Petitioner, Mrs. Bonnie Pridgett Rhodes, is hereby awarded 50% of all military retired pay of Arthur Dale Rhodes.
The rights of Arthur Dale Rhodes under the Soldier's and Sailor's Relief Act of 1940 have been observed.
This Court has jurisdiction over Arthur Dale Rhodes because Mr. Rhodes consented to the jurisdiction of this court over him.
It is from this judgment that defendant/appellant has appealed claiming that the changes made by the trial were substantive and therefore prohibited by LSA-C.C.P. art. 1951. Plaintiff/appellee argues that the changes related simply to form.
LSA-C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on the motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Thus, a judgment may be amended by a trial court where the judgment takes nothing away from or adds nothing to the original judgment. Cain v. Aquarius Builders, Inc. 96-66 (La.App. 5 Cir. 7/30/96), 680 So.2d 69. However, when an amendment to a judgment adds to, subtracts from, or in any way affects the substance of the judgment, such judgment may not be amended under LSA-C.C.P. art. 1951. Terry v. Terry, 612 So.2d 808 (La.App. 1 Cir.1992).
We find that the amending judgment altered the substance of the original judgment in violation of the prohibition contained in LSA-C.C.P. art. 1951. The usual remedy applied by an appellate court which finds an amendment made by an ex parte motion as to substance in a judgment is to annul and set aside the amending judgment and reinstate the original judgment. Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309 (La.App. 5 Cir. 10/16/96), 683 So.2d 836.
Accordingly, we annul and set aside the amending judgment of August 6, 1997, and reinstate the judgment of August 13, 1992.
ANNULLED AND SET ASIDE.