759 So.2d 813 (1999)
AIRLINE SKATE CENTER, INC.
v.
Julie Lockett Wife of/and Glen CIEUTAT.
No. 99-CA-525.
Court of Appeal of Louisiana, Fifth Circuit.
December 21, 1999.
Rehearing Denied March 31, 2000.
Writ Denied June 2, 2000.
Hugh D. Aldige, and James A. Harry, Metairie, Louisiana, Attorneys for Defendants/Appellants.
Roy M. D'Aquila, Paul R. Wegmann, Kenner, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and MARION F. EDWARDS.
GOTHARD, Judge.
Defendants, Julie and Glen Cieutat, (Cieutats) appeal two judgments of the Twenty-Fourth Judicial District Court which cast them in judgment to plaintiff, Airline Skate Center, Inc. (Airline) in the amount of $12,057.37.
It appears from the record that this matter began in 1989 when Airline filed a petition for breach of contract naming Kinsley Carpet Mills, Inc. (Kinsley) as defendant. *814 The matter was resolved on July 13, 1996 in favor of Airline by consent judgment which cast Kinsley in judgment for $12,057.37. At a judgment debtor rule conducted on November 19, 1997, it was discovered that Kinsley Carpet Mills, Inc. was dissolved on June 16, 1997.
On November 24, 1997, Airline filed suit against the Cieutats alleging that they were the sole shareholders of Kinsley and are, therefore, liable for the corporate debts pursuant to LSA-R.S. 12:142.1 et seq. Exceptions of no cause of action and prescription were filed by both defendants, and an exception of no right of action was filed by Julie Cieutat. All exceptions were denied in due course.
In answer to the petition, the Cieutats assert three affirmative defenses, (1) that the matter is barred by prescription, (2) that the matter is moot because the corporation has been reinstated, and (3) that the fault of plaintiff's loss is due to the actions of a third party.
Both parties filed motions for summary judgment. The matter was heard on October 22, 1998 and taken under advisement. On January 12, 1999, the trial court rendered judgment granting the motion filed by Airline and denying the motion filed by the Cieutats. Plaintiff filed a "Motion and Order for Clarification and/or Amendment of Judgment", and defendants filed a motion for new trial. An "Amended Judgment" was subsequently rendered on January 28, 1999 which awarded damages in the amount of $12,057.37. On March 29, 1999, the trial court denied defendants' motion for new trial. Defendants have appealed both the original and the amended judgment.
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Summary judgments are now favored in the law and the rules should be liberally applied. Susananbadi v. Johnson, 97-91 (La.App. 5 Cir. 9/17/97), 700 So.2d 886. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. LSA-C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48.
The mover bears the burden of proof. Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Perricone v. East Jefferson General Hosp., supra. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; McVay v. Delchamps, Inc., 97-860 (La.App. 5 Cir. 1/14/98), 707 So.2d 90.
In the matter before us, the plaintiff has alleged the Cieutats are personally liable for the debts of Kinsley pursuant to LSA-R.S. 12:142.1, which provides as follows:
A. In addition to all other methods of dissolution, if the corporation is not doing business and owes no debts, it may be dissolved by filing an affidavit with the secretary of state executed by the shareholders, or by the incorporator if no shares have been issued, attesting to such facts and requesting that the corporation be dissolved. Thereafter, the shareholders, or the incorporator if no shares have been issued, shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation.
B. The secretary of state shall reinstate a corporation which has been dissolved pursuant to this Section only upon receipt of a court order directing him to so reinstate the corporation.
Documentation in the record establishes that a consent judgment was entered into by Airline and Kinsley on June 13, 1996 which cast Kinsley in judgment to Airline *815 for $12,057.37; and that Kinsley was dissolved by affidavit, signed by Glen Cieutat and filed with the secretary of state on June 15, 1997. Those facts are not disputed.
The Cieutats rebutted Airline's motion for summary judgment, and filed a separate motion for summary judgment in which they produced documentation to show that the corporation was reinstated by court order on January 8, 1998. The Cieutats assert that the reinstatement of the corporation precludes summary judgment. In the alternative, they argue that Airline has failed to prove that the Cieutats were either shareholders or incorporators of Kinsley, an essential element of the cause of action. They further argue that assuming arguendo, the summary judgment was proper, it should not impose in solido obligation.
Airline responded to the defense motion by introducing an affidavit of its co-counsel, Angela Davis Kelleher, which attests to the facts that Mr. Cieutat appeared on behalf of the corporation at the judgment debtor rule with the accountant for the corporation and at that time a statement was made on the record, without objection, which established that the corporation was dissolved and that Glen and Julie Cieutat were the only two shareholders. The transcript of that court proceeding, which is also included in the record, verifies that affirmation. Further, Airline presented the 1992 income tax return of Kinsley which reveals that Glen Cieutat claimed a gain from corporation profits, and shows Julie Cieutat was a 50% shareholder in the corporation. The return lists no other shareholders.
After considering the above, the trial court rendered a judgment which denied the Cieutats' motion for summary judgment and granted the motion of Airline. The court also gave written reasons for the judgment which dismisses the affirmative defenses made by the Cieutats as without merit. As previously stated, an amended judgment was subsequently rendered which cast the Cieutats in judgment in solido.
In brief to this court the Cieutats make both substantive and procedural objections to the trial court's ruling. Substantively, the Cieutats argue that the reinstatement of the corporation precludes a finding that they are legally liable. In the alternative, they argue that material issues of fact remain in dispute concerning the identity of the shareholders and the extent of their ownership of the corporation. The Cieutats also maintain that any judgment against them, even if valid, may not be in solido.
In their attempt to escape personal liability, the Cieutats offer two arguments which, if valid, would shift liability back to the corporation. First, the Cieutats assert that the court erred in finding that the corporation was, in fact, dissolved. LSA-R.S. 12:142.1 requires that the shareholders, if any, must dissolve the corporation. It is only when no shares have been issued that the incorporator may cause the dissolution. As we understand the argument, the Cieutats claim that if we find that both Julie and Glen Cieutat were shareholders, the dissolution is invalid because Glen Cieutat misrepresents that fact in the affidavit, which states that no shares were issued and that he is the only incorporator.
Second, the Cieutats assert that the reinstatement of the corporation returns the shareholders to the status quo, and they cannot be held liable for the debts of the corporation. In support of this argument, the Cieutats cite In Re Islander Shipholding, Inc., 97-978 (La.App. 5 Cir. 4/15/98), 715 So.2d 7. Defendants' reliance on that case is misplaced. In Islander Shipholding, a corporate entity was dissolved during the pendency of arbitration proceedings, and subsequently reinstated retroactively. The issue addressed by the court was whether notice to other parties was required for dissolution. Unlike the instant case, the corporate entity in Islander Shipholding was dissolved by a *816 liquidator pursuant to LSA-R.S. 12:142, as well as 142.1. At the time of liquidation, the corporation had no debts. The petition for reinstatement was filed because the liquidator either ignored or was unaware that the corporation had a claim pending in arbitration. The court upheld the retroactive reinstatement to allow the corporation to continue its claim, not to avoid its creditors.
In the instant case the Cieutats dissolved the corporation without appointing a liquidator knowing a debt of $12,057.37 existed. They subsequently reinstated the corporation after suit was filed to hold them personally responsible. We find no error in the trial court's finding that the dissolution and reinstatement of the corporation does not preclude personal liability of the shareholders of the corporation. Nor, are we persuaded that Glen Cieutat's misrepresentation on the affidavit of dissolution should allow the shareholders to escape personal liability. Further, we find the evidence sufficient to show that both Glen and Julie Cieutat were the only two shareholders of Kinsley and are personally responsible for the debts of the corporation.
Accordingly, we find the trial court was correct in granting the motion for summary judgment filed by Airline and denying the motion filed by the Cieutats.
We do, however, agree that the trial court erred in holding the Cieutats liable in solido. LSA-R.S. 12:142.1 A provides in pertinent part that the shareholders "shall be personally liable for any debts or claims, if any, against the corporation in proportion to their ownership in the shares of the corporation." Therefore, we find that the defendants are liable in proportion to their ownership in the shares of the corporation.
The Cieutats also make a procedural argument in which we find merit. They argue that the second judgment, which makes a substantive change in the original judgment, is an invalid judgment pursuant to LSA-C.C.P. art. 1951. In support of this argument, defendants cite Rhodes v. Rhodes, 97-912 (La.App. 5 Cir. 3/11/98), 708 So.2d 1240. Airline counters that argument by averring that the amended judgment in the instant case is a permissible amendment because it makes an award, rather that altering the amount already awarded by the original judgment. We find no merit in that argument.
LSA-C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on the motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
As we explained in Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309 (La.App. 5 Cir. 10/16/96), 683 So.2d 836, 838-39:
Thus, a judgment may be amended by a trial court where the judgment takes nothing away from or adds nothing to the original judgment.
As a general rule, a final judgment is not subject to substantive amendment by the trial judge on his own motion or motion of any party. In such an event, the proper recourse is a timely application for new trial or an appeal. The district court may grant a limited or unlimited new trial, but until it does, it cannot modify its previous judgment as to substance.
In Hebert v. Hebert, 351 So.2d 1199 (La.1977), the Supreme Court rejected the idea that a written judgment could be amended to reflect oral statements by the trial court, stating:
A written judgment may be revised before it is signed thus eliminating many possibilities of error or misunderstanding. In the event a substantive error nevertheless creeps into the written judgment the aggrieved party has recourse to a timely application for a new trial or a timely appeal.

*817 Article 1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial court's actual intention. Although an amendment may be permitted where the parties to the judgment agreed to the amendment. [Selective citations omitted].
The record shows that the original judgment was rendered on January 12, 1999. Airline filed a "Motion and Order for Clarification and/or Amendment of Judgment" on January 19, 1999. On January 21, 1999, the Cieutats filed a motion for new trial protesting the original judgment and requesting a contradictory hearing on Airline's motion to amend the judgment. The trial court rendered the amended judgment ex parte on January 28, 1999. Subsequently on March 29, 1999, a third judgment was rendered by the court which indicates that a hearing was conducted on March 22, 1999, after which the Cieutats' motion for new trial was denied. The court rendered written reasons for judgment which concern the substance of the grant of Airline's summary judgment. In those reasons the court states, "(t)he amended judgment signed by this court did not alter the substance of the original judgment, it merely clarified it."
We disagree with the trial court's interpretation of the change in the amended judgment and; we find the trial court erred in making a substantive change in an amended judgment where there was no indication of a motion for new trial filed by Airline. Even if we assume that was the intent of Airline's motion for clarification and/or amendment, there is no indication in the record that a hearing was held, or that a new trial was granted which resulted in the amended judgment, as mandated by LSA-C.C.P. article 1976.
Because the amended judgment grants plaintiff the additional relief of a money judgment, we hold that it clearly alters the substance of the original judgment. The usual remedy on appeal is to annul and set aside the amending judgment and reinstate the original judgment, and we do so with this opinion.
For the foregoing reasons, we find that the amended judgment, rendered ex parte, clearly altered the substance of the original judgment and is violation of LSA-C.C.P. article 1951 and article 1976. Thus the amended judgment is an absolute nullity, and is hereby vacated. See; Brown v. West Jefferson Medical Center, 96-949, (La.App. 5 Cir 4/9/97), 694 So.2d 1010, 1012.
However, we are mandated to do a de novo review of the record on review of a grant of a summary judgment. Reynolds v. Select Properties, Ltd., supra. As explained herein, we have done so and find the summary judgment in favor of Airline was properly granted. Further, the record before us is sufficient to cast Julie and Glen Cieutat in judgment for $12,057.37 in proportion to their shares in the corporation, which we find to be 50% each. We believe the trial court erred in granting the summary judgment without giving Airline the relief requested.
Accordingly, we vacate the amended judgment, and reinstate the original judgment. Further, we amend the original judgment to cast Julie and Glen Cieutat in judgment for $12,057.37 in proportion to their ownership of the corporation as declared herein. As amended, we affirm the original judgment.
AMENDED JUDGMENT VACATED; ORIGINAL JUDGMENT REINSTATED AND AMENDED, AND AS AMENDED, AFFIRMED.