781 So.2d 776 (2001)
Chris Allen CORMIER
v.
ELLENDER'S PORTABLE BLDG.
No. 00-1595.
Court of Appeal of Louisiana, Third Circuit.
February 28, 2001.
*777 Michael B. Miller, Miller & Miller, Crowley, LA, Counsel for Plaintiff/Appellee Chris Allen Cormier.
Troy A. Broussard, Allen & Gooch, Lafayette, LA, Counsel for Defendant/Appellant Ellender's Portable Bldg.
Scott J. Pias, Lake Charles, LA, Intervenor.
Court composed of SAUNDERS, DECUIR, and SULLIVAN, Judges.
SULLIVAN, Judge.
Ellender Portable Building (Ellender) appeals the workers' compensation judge's determination that it entered into a lump sum or compromise settlement with Chris Cormier. For the following reasons, we affirm.

Facts
Trial on Mr. Cormier's claims against Ellender, his employer, was scheduled for May 3, 2000. Prior to the start of the trial, the parties reached an agreement to settle. When the matter was called, the parties, through counsel, stated for the record the terms of their settlement. The workers' compensation judge then questioned Mr. Cormier regarding his understanding and acceptance of the terms of the settlement. After Mr. Cormier indicated his agreement to the terms of the settlement, the workers' compensation judge stated: "Very well. The Court will sign off on documents once they're sent to me."
Upon receipt of the settlement documents from Ellender, counsel for Mr. Cormier had him sign the documents, including the settlement check. At that time, counsel disbursed to Mr. Cormier his share of the settlement funds. He then forwarded a copy of the settlement documents, including a Judgment of Dismissal to the workers' compensation judge for signature. The Judgment of Dismissal was signed on May 25, 2000.
After forwarding the settlement documents and check to counsel for Mr. Cormier, Ellender obtained information which it alleges indicates that Mr. Cormier committed fraud with respect to his claims, especially the extent of his injuries. In response thereto, it stopped payment on the settlement check and filed a Motion to Rescind Settlement and Require Forfeiture of Benefits Pursuant to § 1208.
In response to Ellender's Motion to Rescind, Mr. Cormier's former counsel[1] filed an Exception of Improper Use of Summary Proceedings and/or Exception of No Cause of Action with Regard to Motion to Rescind Settlement and Require Forfeiture of Benefits Pursuant to § 1208. A hearing on Ellender's Motion to Rescind and the Exception of Improper Use of Summary Proceedings was held June 5, 2000. The workers' compensation judge denied the Motion to Rescind and granted the Exception of Improper Use of Summary Proceedings. Ellender filed a writ *778 application with this court. Finding no error with the ruling of the Officer of Workers' Compensation judge, the writ was denied. See Cormier v. Ellender's Portable Building, Inc., an unpublished writ bearing docket number 00-955 (La. App. 3 Cir. 7/27/00). Ellender then filed this appeal, assigning three errors.

Settlement or Compromise
Ellender contends the workers' compensation judge erred in approving Mr. Cormier's settlement because the requirements of La.R.S. 23:1272(B) were not satisfied. La.R.S. 23:1272(B) provides:
B. If the workers' compensation judge finds the settlement agreement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The workers' compensation judge may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties.
Ellender argues that there was no compliance with La.R.S. 23:1272(B) because the workers' compensation judge did not make a finding that the settlement was "fair, equitable, and consistent with the [workers' compensation laws]" and did not approve the settlement by order. The workers' compensation judge did not affirmatively state on the record that she considered the terms of the settlement or that she found the settlement to be fair, equitable, and consistent with the workers' compensation laws. However, it is clear from her actions at the time the settlement was stated for the record and at the hearing on May 25, 2000, that she had considered the settlement and approved it. We find no merit to this assignment of error.

Motion to Rescind Settlement
Ellender next argues that it was error for the workers' compensation judge to deny its Motion to Rescind Settlement and to grant the Exception of Improper Use of Summary Proceedings and/or Exception of No Cause of Action. La.R.S. 23:1272(B) provides that when a settlement has been approved it "shall not ... be set aside or modified except for fraud or misrepresentation made by any party." However, it does not set forth the method for doing so. In his Exception of Improper Use of Summary Proceedings, former counsel for Mr. Cormier argued that the proper method for Ellender to follow is to file an action to annul the compromise pursuant to La.Code Civ.P. art. 2004. Ellender argues that La.R.S. 23:1272(B) does not require a separate action for nullity.
Our supreme court stated in Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980), "[i]n the absence of a statutorily specified method of attacking a compromise settlement judgment for non-compliance with procedural mandates, plaintiff is entitled to rely upon the general procedural devices found in the Code of Civil Procedure...." See also Guidry v. Gueydan Cooperative Dryer, Inc., 97-874, p. 2 (La.App. 3 Cir.12/10/97), 706 So.2d 146, 148, writ denied, 98-1001 (La.5/29/98), 720 So.2d 335, in which this court stated "where there are no applicable provisions in the Louisiana Workers' Compensation Act, procedural matters are controlled by the Louisiana Code of Civil Procedure." Pursuant to La.Code Civ.P. art. 2004, annulment for fraud or vices must be sought by a direct action. Verret v. State Farm Mut. Auto. Ins. Co., 99-1250 (La.App. 3 Cir. 2/2/00), 759 So.2d 115; writs denied, 2000-673 (La.4/20/00), 760 So.2d 1159, and XXXX-XXXX (La.4/20/00), 761 So.2d 535.
Ellender further argues that, because there was no signed judgment at the time it filed its Motion to Rescind, it could not have filed a motion to annul pursuant *779 to La.Civ.Code art. 2004. Article 3078 of the Civil Code provides that a compromise has "a force equal to the authority of things adjudged." Thus, a compromise has "the same force and attributes of a judgment of Court." Chapin v. Federal Transp. Co., 70 So.2d 189, 193 (La.App. 1 Cir.1953). See also Ortego v. State, Dep't of Transp. & Dev., 96-1322 (La.2/25/97), 689 So.2d 1358, Allen v. Noble Drilling (U.S.) Inc., 93-2383 (La.App. 4 Cir. 5/26/94), 637 So.2d 1298, Bonaventure v. Pourciau, 577 So.2d 742 (La.App. 1 Cir. 1991). Consequently, "[a]n action to nullify a compromise agreement, whether the agreement has been reduced to a judgment or not, is subject to the same rules of pleading and practice as an action to nullify a final judgment." Id. at 746. This assignment is without merit.

Substantive Amendment to Judgment
Ellender's last assignment of error concerns a judgment dated June 5, 2000. As previously indicated, the workers' compensation judge signed a Judgment of Dismissal on May 25, 2000. Thereafter, due to the stop payment order on the settlement check, counsel for Mr. Cormier had second thoughts about the Judgment of Dismissal and prepared a judgment which detailed the representations and actions of the parties and the workers' compensation judge when the terms of the compromise were recited on the record. He submitted the judgment to the workers' compensation judge who signed it after denying Ellender's Motion to Rescind and granting the Exception of Improper Use of Summary Proceeding.
Article 1951 of the Code of Civil Procedure allows a trial court to amend a final judgment "(1) [t]o alter the phraseology of the judgment, but not the substance; or (2)[t]o correct errors of calculation." The fifth circuit reviewed the application of Article 1951 in Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309, pp. 5-6, (La. App. 5 Cir.10/16/96), 683 So.2d 836, 838-39:
[A] judgment may be amended by a trial court where the judgment takes nothing away from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Hebert v. Melco Steel, Inc., 552 So.2d 1326 (La.App. 5 Cir.1989).
As a general rule, a final judgment is not subject to substantive amendment by the trial judge on his own motion or motion of any party. In such an event, the proper recourse is a timely application for new trial or a timely appeal. Villaume, supra; Hebert, supra. The district court may grant a limited or unlimited new trial, but until it does, it can not modify its previous judgment as to substance. Hebert, supra.

The May 25, 2000 Judgment of Dismissal simply represented that the matter had been compromised and that it was dismissed with full prejudice. The June 5, 2000 Judgment reduced to writing the terms of the compromise; it did not order that the matter be dismissed. Thus, the June 5, 2000 Judgment substantively changed the terms of the May 25, 2000 Judgment of Dismissal. Therefore, it is annulled, and the May 25, 2000 Judgment of Dismissal is reinstated. Id.
Annulment of the June 5, 2000 Judgment does not affect our decision. Once the terms of the settlement were recited in open court and approved by the workers' compensation judge they were enforceable by the parties against each other. La.R.S. 23:1272(B); La.Civ.Code art. 3071. This assignment is without merit.

Decree
The judgment of the trial court is affirmed. All costs of this proceeding are *780 assessed to Ellender Portable Building, Inc.
AFFIRMED.
NOTES
[1] Mr. Cormier negotiated the check, representing his portion of the settlement funds, issued to him before his attorney learned that Ellender had stopped payment on its check. Apparently, Mr. Cormier could not or refused to return the settlement proceeds when asked to do so by his attorney. Counsel withdrew from his representation of Mr. Cormier due to the conflict created by Mr. Cormier's negotiation of the check when the underlying settlement check, which had been deposited into his trust account, became uncollectible because of the stop payment order.