|.¡SUSAN M. CHEHARDY, Judge.
In this mineral rights litigation, plaintiff seeks nullification of an amended judgment on the basis that it grants substantive relief and, thus, violates La. C.C.P. art.1951. For the reasons that follow, we declare the district courts November 14, *514 2001 amended judgment null, set it aside and[1] reinstate the judgment entered December 17,1999.
This litigation arose over disputed mineral rights on land known as the “Protective Area” in the Sunrise Field area of Terrebonne Parish, Louisiana.[1] After a three-day bench trial in October of 1999, the trial judge took the matter under advisement. On December 17, 1999, the trial court found in favor of defendant, Quality Environmental Processes, Inc. (“QEF’j, ruling that “mineral servitudes ... burdening the Protective Area of the Sunrise Field” previously held by plaintiff, Energy Development Corporation, Inc.(“EDC”) were prescribed based on ten years non-use. Specifically, the judgment read:
After reviewing all pleadings, stipulations and evidence, and hearing the arguments of counsel, the court considering the law and evidence to be in favor of the defendant-plaintiff in reconvention, | ¿Quality Environmental Processes, Inc., and against the plaintiff-defendant in reconvention, Energy Development Corporation. Accordingly,-[sic]
IT IS ORDERED ADJUDGED AND DECREED that the mineral servitude and rights burdening the Protective Area of the Sunrise Field stem from an instrument executed between South-down, Inc. and Southdown Exploration, dated August 31,1966;
IT IS FURTHER ORDERED ADJUDGED AND DECREED that those mineral servitude or mineral rights have been extinguished by the prescription based on ten (10) years nonuse;
IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Omnibus property description attached as Exhibit “A” to the May 3, 1971 conveyance was not adequate to put third parties on notice as to which properties were being encumbered.
This Court affirmed that ruling[2] and the Louisiana Supreme Court denied writs of certiorari.[3]
On June 25, 2001, QEP and co-defendants, Michael and Virginia St. Martin(“St.Martins”), filed a “Rule to Provide a More Complete Property Description” alleging that, while the parties “recognize that the property in dispute is in the Sunrise Field area of Terrebonne Parish, Louisiana,” the property in dispute may not be clear to title examiners. EDC filed numerous exceptions, including, inter alia, lack of subject matter jurisdiction, prescription, no right of action and res judica-ta. The hearing on defendants rule began on July 23, 2001, was continued and concluded on November 14, 2001.[4] On that *515 day, the trial judge signed the “Judgment Providing a More Complete Property Description,^which is the judgment at issue in this case. The amended judgment, which purports to “modify” and “supplement” the December 17, 1999 judgment in a “nonsubstantive” manner, reads as follows:
Commencing July 23, 2001 and continuing on November 14, 2001, the Court heard the Motion to Provide a More Complete Property Description filed by Quality Environmental Processes, Inc., Michael X. St. Martin and Virginia Rayne St. Martin and the exceptions thereto filed by Energy Development Corporation.
PRESENT: David R. Richardson, Patrick W. Gray and Jamie D. Rhymes, attorneys for Energy Development Corporation
A.J. Gray, III and John M. Mam-oulides, attorneys for Quality Environmental Processes, Inc., Michael X. St. Martin and Virginia Rayne St. Martin
After reviewing the entire record of this case particularly including the “PETITION FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTION” filed herein by Energy Development Corporation on July 7, 1997; the “SUPPLEMENTAL AND AMENDING PETITION” filed by Energy Development Corporation on or about March 23, 1998; the Judgment and Reasons for Judgment of this Court dated December 17, 1999; the decision dated December 4, 2000, by the Court of Appeal, Fifth Circuit, State of Louisiana under docket number 00-CA-314 on the appeal of this matter, and hearing the arguments of counsel, the Court considering the law and record of these proceedings to be in favor of defendants-plaintiffs in reconvention, Quality Environmental Processes, Inc., Michael X. St. Martin and Virginia Rayne St. Martin, and against 'plaintiff-defendant in reconvention, Energy Development Corporation, as mandated by Articles 1919 and 2089 of the Louisiana Code of Civil Procedure and in accordance with Article 1951 of the. Louisiana Code of Civil Procedure, • this Courts December 17, 1999 Judgment in the captioned matter as .affirmed by the Court of Appeal, Fifth Circuit, State of Louisiana, in its decision dated December 4, 2000 under docket number 00-CA-314 thereof, is hereby modified and supplemented in the following nonsubstantive manner:
.a. IT IS ORDERED ADJUDGED AND DECREED that the reference in these proceedings and in the Courts December 17, 1999 Judgment to the August 31, 1966. mineral conveyance refers to the August 31, 1966 mineral conveyance by Southdown, Inc., as grantor, to Southdown Exploration, Inc., as grantee; recorded under entry number 315794, COB 433, Folio 128, Terrebonne Parish, Louisiana, attached as Exhibit “C” to the “PETITION FOR DECLARATORY JUDGMENTJ^AND PERMANENT INJUNCTION” filed herein by Energy Development Corporation in July 7, 1997 and introduced into evidence in these proceedings as EDC Exhibit Number 13 and St. Martin Exhibit .Number 6;
b. IT IS ORDERED ADJUDGED AND DECREED that the reference in these proceedings and in the Courts 'December 17, 1999 Judgment to the 1971 mineral conveyance is to the May 3, 1971 (effective January 1, 1971) general mineral conveyance by South-down Lands, Inc. to Pelto Oil Compa- - ny, recorded under entry number 402359, COB 515, Folio 753, Terre-bonne Parish, Louisiana, attached as *516 Exhibit “E” to the “PETITION FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTION” filed herein by Energy Development Corporation on July 7, 1997 and introduced into evidence in these proceedings as EDC Exhibit Number 26 and St. Martin Exhibit Number 14;
c. IT IS ORDERED ADJUDGED AND DECREED that the reference in these proceedings to the 1944 Mortgage refers to the Act of Mortgage dated September 8, 1944, filed under Entry Number 56J03, MOB 90, Folio 342, Terrebonne Parish, Louisiana, and introduced into evidence in these proceedings as EDC Exhibit 96 and St. Martin Exhibits Number 5 and 88;
d. IT IS ORDERED ADJUDGED AND DECREED that the property affected by the Courts December 17, 1999 Judgment in these proceedings, as modified, clarified and supplemented herein, is any and all property described in the following instruments: June 28, 1992 Cash Sale by Contran Realty Corporation to Michael X. St. Martin and Virginia Rayne St. Martin, recorded under entry number 900447, COB 1324, Folio 695, Terrebonne Parish, Louisiana, introduced into evidence in these proceedings as EDC Exhibit Number 73 and St. Martin Exhibit Number 22; Affidavit of Correction dated September 4, 1992 and filed for record September 4, 1992, under Entry Number 903752, Conveyance Book 1333, Folio 341, Parish of Ter-rebonne, State of Louisiana, introduced into evidence in these proceedings as EDC Exhibit 75 and St. Martin Number Exhibit 24; June 11, 1984 Cash Sale by AG-Lands Investment Company to Michael St. Martin, recorded under Entry Number 739234, Parish of Terrebonne, State of Louisiana, introduced into evidence in these proceedings as EDC Exhibit Number 146; and October 24, 1984 Cash Sale by AG-Lands Investment Company to Michael St. Martin and Virginia Rayne St. Martin, recorded under Entry Number 744732, Parish of Terre-bonne, State of Louisiana, introduced into |7evidence in these proceedings as EDC Exhibit Number 147;
ACCORDINGLY, IT IS FURTHER ORDERED ADJUDGED AND DECREED that the properties affected by this Courts December 17, 1999 Judgment and described in paragraph d. above are not burdened by any mineral servitude purported to have been established by the May 3, 1971 (effective January 1, 1971) general mineral conveyance by Southdown Lands, Inc., to Pelto Oil Company, recorded under entry number 402359, COB 515, Folio 753, Terrebonne Parish, Louisiana, attached as Exhibit “E” to the “PETITION FOR DECLARATORY JUDGMENT AND PERMANENT INJUNCTION” filed herein by Energy Development Corporation on July 7, 1997 and introduced into evidence in these proceedings as EDC Exhibit Number 26 and St. Martin Exhibit Number 14 May 3, 1971[sic],
On appeal, EDC argues that the trial court erred in substantively amending the original judgment, in contravention of La. C.C.P. art.1951. Specifically, EDC contends that the amended judgment adds parties not included in the original judgment and illegally expands the property affected by the 1999 judgment far beyond that actually at issue at trial.
La.C.C.P. art.1951 provides:
*517 A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation. (Emphasis added).
In Alliance for Good, Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309 (La.App. 5 Cir, 10/16/96); 683 So.2d 836; 839, this Court confirmed our restrictive view of permissible amendments to final judgments:
[A] judgment may be amended by a trial court where the judgment takes nothing away from or adds nothing to the original judgment.
As a general rule, a final judgment is not subject to substantive amendment by the trial judge on his own motion or motion of any party. In such an event, the proper recourse is a timely application for new trial or a timely appeal. The district court may grant a limited |sor unlimited new trial, but until it does, it can not modify its previous judgment as to substance.
In Hebert v. Hebert, 351 So.2d 1199 (La.1977), the Supreme Court rejected the idea that a written judgment could be amended to reflect oral statements by the trial court, stating:
A written judgment may be revised before it is signed thus eliminating many possibilities of error or misunderstanding. In the event a substantive error nevertheless creeps into the written judgment the aggrieved party has recourse to a timely application for a new trial or a timely appeal.
Article 1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial court’s actual intention. (Emphasis in the original). (Citations omitted).
Even a cursory review of the amended judgment reveals that the “modifications” to the original judgment are substantive. While the first two paragraphs of the amended judgment, which supply the re-cordation details of the 1966 and 1971 mineral conveyances referred to in the original judgment, may not amount to a substantive alteration of the original judgment, the remaining three paragraphs significantly add to the substance of the original judgment. In fact, the final paragraph states: “the properties affected by this Courts December 17, 1999 Judgment and described ... above are not burdened by any mineral servitude purported to have been established by the May 3, 1971 ... general mineral conveyance... ”. This pronouncement reaches beyond the original tracts that were the subject of this litigation between these parties and, thus, represents a substantive change to the original judgment.
For the foregoing reasons, we hold that the November 14, 2001 judgment clearly alters the substance of the December 17, 1999 judgment in violation of La. C.C.P. art.1951.[5] The usual remedy applied by an appellate court that finds a *518 | gsubstantial amendment in a judgment is to annul and set aside the amending judgment and reinstate the original judgment. Alliance for Good Government, Inc., 683 So.2d at 839. Accordingly, we annul and set aside the amended judgment of November 14, 2001, and reinstate the judgment of December 17, 1999. Because we have reinstated the original judgment, it is unnecessary for us to reach the remainder of EDCs assignments of error. Costs of this appeal are assessed to appellees, QEP and the St. Martins.

JUDGMENT OF NOVEMBER 14, 2001 ANNULLED AND SET ASIDE; ORIGINAL JUDGMENT OF DECEMBER 17, 1999 REINSTATED.

EDWARDS, J. dissents with reasons.
McMANUS, J. Dissents.

. For a detailed account of the factual and procedural history of this case, see this Courts opinion in Energy Development Corporation v. Quality Environmental Processes, Inc., et al, 00-314 (La.App. 5 Cir. 12/04/00), 777 So.2d 481.

. Energy Development Corporation v. Quality Environmental Processes, Inc., et al, 00-314 (La.App. 5 Cir. 12/04/00), 777 So.2d 481.

. Energy Development Corporation v. Quality Environmental Processes, Inc., et al, 01-0010 (La.3/09/01), 786 So.2d 734.

. For purposes of completeness, we note that the record also contains a document entitled "Judgment Providing More Complete Property Description” dated October 30, 2001, which was signed by the trial judge. The record, however, does not reflect that either party was notified that this judgment was signed as required by La. C.C.P. art.1913. Further, neither party refers to the October 30, 2001 judgment. Finally, the record reflects that the hearing on defendants rule was concluded on November 14, 2001, two weeks after the documents date. We, therefore, opine that the document dated October 30, 2001 was inadvertently placed in the district court record and does not affect the outcome of this appeal.

. La. C.C.P. art. 1951 is not the appropriate procedural mechanism to seek substantive amendment of a judgment. Substantive amendments may only be made by a timely motion for new trial, a timely appeal, or by consent of the parties. Pitard v. Schmittzehe, 28,571 (La.App. 2 Cir. 8/21/96), 679 So.2d 515, 517. Even if we were to treat the defendants "Rule to Provide a More Complete Property Description” as a motion for new trial, the motion was not timely since it was filed months after the original judgment became final. La. C.C.P. arts.1971, 4907, 4908. Further, the co-defendants did not raise this issue on original appeal to this Court. See n. 2, supra. Finally, it is clear that EDC did not consent to these amendments.