847 So.2d 799 (2003)
STATE of Louisiana in the Interest of D.T.
No. 03-166.
Court of Appeal of Louisiana, Third Circuit.
June 4, 2003.
L. Antoinette Beard, Lafayette, LA, for Plaintiff/Appellant, State of Louisiana, Department of Social Services.
Sharon Michelle M. Breaux, Assistant District Attorney, Lafayette, LA, for Plaintiff/Appellee, State of Louisiana, Office of Community Services.
Edward J. Milligan, Jr., Lafayette, LA, for Defendant/Appellee, J. F.
Marcus Anthony Allen, Sr., Lafayette, LA, for Defendant/Appellee, D. T.
Court composed of BILLIE COLOMBARO WOODARD, JIMMIE C. PETERS, and MICHAEL G. SULLIVAN, Judges.
SULLIVAN, Judge.
On December 2, 2002, at a review hearing for D.T., the subject of this litigation, the trial court sua sponte partially vacated its February 13, 2002 judgment, which approved D.T.'s mother's surrender and terminated D.T.'s alleged father's parental rights. The December 2, 2002 order, which was reduced to writing and signed by the trial court on December 16, 2002, vacated only that portion of the judgment which terminated D.T.'s alleged father's parental rights. The State appeals.
Article 1951 of the Code of Civil Procedure allows a trial court to amend a final judgment:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
In Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309, pp. 5-6, (La.App. 5 Cir. 10/16/96), 683 So.2d 836, 838, the fifth circuit reviewed the application of Article 1951:

*800 [A] judgment may be amended by a trial court where the judgment takes nothing away from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Hebert v. Melco Steel, Inc., 552 So.2d 1326 (La. App. 5 Cir.1989).
As a general rule, a final judgment is not subject to substantive amendment by the trial judge on his own motion or motion of any party. In such an event, the proper recourse is a timely application for new trial or a timely appeal. Villaume, supra; Hebert, supra. The district court may grant a limited or unlimited new trial, but until it does, it cannot modify its previous judgment as to substance. Hebert, supra.

Recently, in Bourgeois v. Kost, 02-2785, p. 8 (La.5/20/03), 846 So.2d 692, 2003 WL 21152851 the supreme court noted that the "Code of Civil Procedure provides only a limited means of correcting errors of substance in a final judgment." Finding the trial court's modification of a final judgment to have been without authority, the court held that the amended judgment was an absolute nullity.
The December 16, 2002 judgment, which substantively changed the terms of the February 13, 2002 judgment, was not authorized by the Code of Civil Procedure. Accordingly, the trial court's order vacating the February 13, 2002 judgment is reversed, the December 16, 2002 judgment is set aside, and the original judgment of February 13, 2002, is reinstated.
REVERSED.