I,WICKER, Judge.
Janice Palermo filed a claim with the Office of Worker’s Compensation (OWC) on February 24, 1993 alleging a work-related injury on February 24, 1992. She alleges she was injured at a Morrison Cafeteria located in the Shell Refinery when a chemical was released. Morrison Restaurants, Inc. pled the exception of prescription on the basis the claim was filed beyond the one-year prescriptive period in La.R.S. 23:1209. The hearing officer granted the exception and dismissed Palermo’s claim. Palermo now appeals. We reverse and remand.[1]
On appeal Palermo specifies the following errors:
1. The hearing officer erred in granting the exception of prescription in ignoring the presumption of La.R.S. 23:1209(B) that if the claim is received by mail on the first legal day following the expiration of the due date it was filed timely;
2. The hearing officer erred in finding that appellant’s last day of work was February 22, 1992, and
3. The hearing officer erred in not considering appellant’s claim as a developmental type injury interrupting the prescriptive date.
Since we find merit to the first specification of error we pretermit a discussion of the remaining alleged errors.
At the hearing Palermo’s counsel argued that although the claim had been filed February 24, 1993, two days after the one-year prescriptive period, it was nonetheless htimely because that date followed a legal holiday. He argued that the presumption in La.R.S. 23:1209(B) was applicable to this case.
Morrison’s counsel introduced a computer printout which carried a notation that the claim was postmarked February 24,1993, the same date it was filed. He did state, however, that the OWC uses the postmarked date as the filing date but “that doesn’t necessarily mean that’s the date it was received.” We are unable to determine from the record when the claim was actually postmarked. There is also no evidence in the record explaining why the claim was postmarked and yet filed (and obviously received) on the same exact date. The computer printout is inconclusive insofar as showing when this claim was actually mailed.
La.R.S. 13:1209(B) provides:
Any claim may be filed with the director, office of worker’s compensation, by delivery or by mail addressed to the office of worker’s compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
*1073 The hearing officer took judicial notice, without objection, of Palermo’s counsel’s statements that the claim was filed the day after the legal holiday of Mardi Gras. However, he ruled that the claim was still a day late even with the holiday. It was error for the hearing officer to fail to apply the presumption to these facts. Since this claim was obviously received and filed on the first legal day following the expiration date there is a rebuttable presumption it was timely filed. That presumption was not rebutted by Morrison since the only evidence introduced by Morrison was inconclusive.
Accordingly, for the reasons stated, the judgment granting the exception of prescription and dismissing the petition filed by Janice Palermo is reversed. |3Judgment is now rendered in favor of Janice Palermo and against Morrison Restaurants, Inc. (a/k/a Morrison Cafeteria) overruling the exception of prescription. This matter is hereby remanded for further proceedings consistent with the views expressed herein.

REVERSED AND REMANDED.

. We note at the outset Morrison states in brief that Palermo’s counsel attached various affidavits and exhibits to his motion for appeal which were not part of the record below. We agree that the affidavits and exhibits attached to the motions for appeal and designation of the record were not introduced into evidence at the hearing on the exception. This court has no jurisdiction to receive new evidence. Sutton v. Montegut, 544 So.2d 1181 (La.App. 5th Cir.1989).