# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## WCA 04-1404


**MARY D. BRUMLEY**

**VERSUS**

**NANTACHIE OIL COMPANY**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 02-04813
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, Oswald A. Decuir, and James T. Genovese, Judges.

**AFFIRMED.**

**George Arthur Flournoy**
**Flournoy, Doggett & Losavio**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**(318) 487-9858**
**Counsel for Plaintiff Appellant:**
**Mary D. Brumley**

**Paul Eric Harrison**
**Rabalais, Unland & Lorio**
**5100 Village Walk, Ste 300**
**Covington, LA 70433**
**(985) 893-9900**
**Counsel for Defendant Appellee:**
**Nantachie Oil Company**

**Max K. Jones, Jr.**
**Rabalais, Unland, etc.**
**5100 Village Walk, #300**
**Covington, LA 70433**
**(985) 893-9900**
**Counsel for Defendant Appellee:**
**Nantachie Oil Company**

**SAUNDERS, J.**

The issues on appeal to this court arise from plaintiff's appeal of the hearing officer's ruling in this worker's compensation case. Plaintiff argues that the hearing officer erred in failing to award supplemental earnings benefits (hereinafter referred to as "SEB"), concluding that temporary total disability benefits (hereinafter referred to as "TTD") were paid for August 6, 2001, and failing to sanction defendant for untimely payment of certain medical expenses. We affirm.

**FACTS**

On August 6, 2001, plaintiff was injured when she was pinned against a steel railing by a vehicle driven by a customer who was trying to leave the premises. The customer then drove over plaintiff's left foot and she suffered a fibula fracture with displacement of the ankle joint. Surgery was performed on the ankle and a plate was inserted for stability. Shortly thereafter, plaintiff was released to return to work without restriction.

Prior to the accident, she earned $225.00 per week as a gas station attendant and was responsible for pumping gas, checking tire pressure and fluid levels, sweeping, mopping, and stocking and shelving auto parts. Plaintiff stated that she could perform all of these tasks before her injury but that they caused pain when she performed them after she was released to work. She told her doctor about these troubles but no follow up treatment was ordered, nor was any requested by plaintiff. Dr. Garrison opined that plaintiff's ankle healed properly and noted that there was no evidence of weakness or misalignment. In fact, plaintiff eventually informed her doctor that the problems lessened and reported a substantial decrease in both the pain and swelling associated with the injury.

Despite being released to work without restriction, plaintiff only earns $175.00 for working thirty hours a week and claims that she experiences significant pain when performing her duties. She further alleges that special allowances have to be made for her to be able to work on this limited basis. For example, her nephew helps out when she is too tired or in too much pain to work and she is allowed to take breaks to elevate her foot when needed. This testimony is corroborated by her husband and sister-employer.

**PROCEDURAL HISTORY**

Claimant filed a Disputed Claim for Compensation with the Office of Worker's Compensation. She alleged the existence of an occupational disease and numerous other general complaints against her employer and the carrier. A hearing was held and, on May 24, 2004, judgment was rendered denying plaintiff's claim for supplemental earnings benefits, imposing penalties in the amount of $4,450.00 and attorney fees in the amount of $5,000.00 for untimely payment of indemnity benefits and non-payment of medication expenses, denying all other claims for penalties and attorney fees, ordering that plaintiff be reimbursed $75.97 for medication expenses, and holding defendant responsible for all reasonable and necessary medical travel expenses. Plaintiff then filed this appeal.

**ASSIGNMENTS OF ERROR**

1) The hearing officer erred, as a matter of law, by ignoring the lay testimony of plaintiff, her husband and her employer, concerning the extent of plaintiff's disabling pain, and erroneously concluded that plaintiff was not entitled to SEB.

2) Because defendant did no investigation and had no reasonable basis to controvert plaintiff's entitlement to benefits, the hearing officer erred in refusing to award benefits and to assess 23:1201 sanctions for the

nonpayment of indemnity benefits on August 6, 2001 and for the untimely or non-payment of certain medical expenses.

## LAW AND ANALYSIS

Findings of the trial court are reviewable on appeal, and the appellate standard of review has been clearly established. A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.,* 617 So.2d 880 (La. 1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La. 1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112

## ASSIGNMENT OF ERROR NUMBER ONE

Plaintiff points this court to *Hopes v. Domtar*, 627 So.2d 676 (La.App. 3 Cir. 1993) in support of her argument that a plaintiff's uncontradicted testimony regarding the existence of a disability may be sufficient to satisfy the burden required for an award of SEB. We acknowledge that the cited case is good law and does stand for this proposition; however, based upon the record before us, we find that the case *sub judice* is distinguishable from *Hopes*.

In that case, the treating physician limited the type of work that plaintiff could perform. *Id*. No unrestricted release was issued. *Id*. Here, on the other hand, plaintiff's physician released her to return to work without restriction. Given the

evidence of record, we conclude that the denial of SEB was not an abuse of discretion. While it is true that plaintiff, her husband, and her sister, testified that plaintiff continues to suffer pain and swelling in her ankle, this testimony is contradicted by Dr. Garrison's release to work and plaintiff's statements regarding the improvement of her condition. Plaintiff told Dr. Garrison that her condition had significantly improved and she did not request further treatment. Dr. Garrison is apparently of the same opinion as he never ordered further treatment for plaintiff. In fact, he concluded that plaintiff's injuries responded well to therapy, were sufficiently healed, and would not limit her ability to work. Under these circumstances we cannot say that the hearing officer committed manifest error in failing to award SEB benefits.

Plaintiff further argues that defendant offered no evidence that she was capable of earning 90% of her pre-accident wages; therefore, she is entitled to SEB. We have already concluded, however, that the hearing officer did not commit manifest error in finding that plaintiff did not meet her burden of establishing a disability. Because this burden was not satisfied, the burden of proving that plaintiff could earn 90% of her pre-accident wages was never shifted to defendant. This argument, therefore, is rendered moot by our determination regarding the existence of a disability. This assignment lacks merit. The ruling of the hearing officer is affirmed.

**ASSIGNMENT OF ERROR NUMBER TWO**

In this assignment, plaintiff urges two errors. First, she argues that she was not paid temporary total disability benefits for August 6, 2001, the date of the accident. Second, plaintiff claims that certain medical expenses were not paid by defendant in a timely fashion. We will first address the alleged non-payment of TTD benefits.

4

Plaintiff argues that, based upon defendant's payment records, it is evident that no TTD benefits were paid for the date of the accident. The hearing officer concluded that payments were, in fact, paid for that date. We agree. While it is true that defendant's records indicate that payment was made for the period of August 7, 2001 through August 13, 2001, the amount of compensation paid for this week indicates that benefits were, indeed, paid. The injury occurred on the morning of Monday August 6, 2001. On September 20, 2001, plaintiff was paid $150.01 for the week during which the accident occurred. Likewise, she was paid $300.02 for the two week period of August 14, through August 27. It is important to note that plaintiff concedes that $300.02 is the proper compensation for two weeks as she has not challenged this issue.

The amount paid for the two week period following the accident is exactly twice the amount paid for the one week during which the accident occurred. If the accident date was not included in the amount paid for that week, the sum paid would have been less than $150.01 as that was the amount paid for one full week of benefits. Accordingly, we find no manifest error in the hearing officer's conclusion that the benefits paid for the accident week included August 6, 2001. This ruling by the hearing officer is affirmed.

Plaintiff also claims that the hearing officer erred in failing to impose sanctions for defendants untimely payment of certain medical expenses. Plaintiff argues that defendant failed to timely pay two medical bills, one from Professional Anesthesia and one from Rapides General E.R. physicians. The hearing officer noted that there was no evidence indicating when these bills were forwarded to defendant. As such,

it was impossible to determine whether they were paid after sixty days had elapsed as required for penalties and attorney fees. We find no manifest error in this determination. Plaintiff bears the burden of establishing that these bills were not paid within sixty days of receipt and we find no evidence of record that could establish the date on which the bills were forwarded to defendant. Accordingly, we find no manifest error in the hearing officer's failure to impose penalties and attorney fees for the untimely payment of these expenses. This ruling by the hearing officer is affirmed.

**CONCLUSION**

The judgment rendered by the hearing officer is affirmed. All costs are assessed against plaintiff.

**AFFIRMED.**