# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-1211

ROBERT WEINGARTNER

VERSUS

LOUISIANA ICE GATORS

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION,
DISTRICT 4, NO. 01-06629 C/W 03-1966
HONORABLE SHARON MORROW,
ADMINISTRATIVE HEARING OFFICER, PRESIDING

**********
ON REHEARING
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

Thibodeaux, Chief Judge, dissents for the reasons stated in the original opinion.
Pickett, J., dissents.

John J. Rabalais
Janice B. Unland
Robert T. Lorio
Thomas B. Delsa
5100 Village Walk, Ste. 300
Covington, LA 70433
Attorney for Plaintiff-Appellant:
    Louisiana Ice Gators

Robert L. Hackett
202 Lakes Drive
Atlanta, GA 30339
Attorney for Defendant-Appellee:
    Robert Weingartner

PAINTER, Judge.

This matter is before us on a rehearing after having granted a motion by the Claimant to supplement the record. After reviewing that supplement and the original record herein, this court finds nothing to change the result in this matter.

With regard to prescription, the supplemental record contains nothing which would change our conclusion that the money paid to Weingartner after the end of the season was earned during the season and that those payments cannot be considered wages in lieu of compensation. Therefore, we do not change our findings that prescription was not interrupted by these payments and that Weingartner's claim for indemnity benefits is prescribed.

However, because the supplemental record contains a judgment bearing the docket numbers of both claims, we can consider Weingartner's claim for penalties and attorney's fees for failure to pay for dental care pursuant to an earlier compensation claim filed under Office of Workers' Compensation docket number 03-1966. Concerning the dental treatment claim, the hearing officer stated, in written reasons for judgment: "The dental treatment sought was recommended prior to the date of the accident in question. That dental treatment specifically relating to the accident has already been approved and paid." Given this statement and the fact that the hearing officer referred only to the May 9, 2000 accident in her written reasons, she evidently ruled only on the claims rising out of the May 9, 2000 claim, and not the previous claim, in spite of the consolidated docket numbers now on the reasons for judgement. The judgment itself does not mention the dental treatment claim. However, the Claimant's pretrial statement suggests that he was seeking relief for that claim. It bears both docket numbers and states as an issue to be litigated: "Penalties and attorney's fees associated with arbitrary and capricious denial of payment for

medical expenses resulting from the injuries suffered while employed by Employer and pled in the two consolidated cases." The jurisprudence allows us to consider the workers' compensation court's failure to rule as a denial of the claim. *Cagle v. Spade Drilling Co.*, 325 So. 2d 354,(La.App. 3 Cir. 1975). Therefore, we have reviewed the record to ascertain whether Weingartner proved his claim for failure to pay for the previous dental treatment claim.

At trial on May 3, 2005, Weingartner testified that Dr. Soileau discontinued the treatment of the February 2000 injury because he wasn't paid. Weingartner further testified that he paid out of his own pocket to have his front teeth replaced in January 2001. However, in his deposition of March 2002, Weingartner states that he believed that all the medical bills were up to date. Additionally, Dr. Soileau in his deposition never says whether he was paid or why he discontinued treatment. Further, the record does not contain any bills or statements from Dr. Soileau, and Weingartner does not refer to documentary evidence in the record which shows non-payment.

The claimant who seeks imposition of sanctions for failure to timely pay medical bills has the burden of establishing that the medical bills were not paid within sixty days of receipt. *Brumley v. Nantachie Oil Co.*, 04-1404 (La.App. 3 Cir. 3/16/05), 900 So.2d 944. Given this record, and his contradictory evidence on payment, Weingartner did not carry this burden.

Therefore, as we stated in the original opinion herein:

[T]he judgment of the trial court concerning indemnity benefits is reversed. Weingartner's claim for workers' compensation indemnity benefits arising out of his accident of May 9, 2000 is dismissed. That portion of the judgment concerning medical treatment is affirmed. Costs of this appeal are to be paid by the Appellee, Robert Weingartner.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART