SAMUEL, Judge.
Plaintiff, a certified public accountant, instituted this suit for $750 for professional services rendered to the defendant. He obtained a default judgment for that amount. After the delay for taking an appeal had expired, defendant filed a petition seeking nullity of the judgment and injunctive relief preventing its execution.
Following a hearing of the rule to show cause why a preliminary injunction should not be issued, there was judgment refusing to issue the preliminary injunction. Defendant has suspensively appealed from that judgment. The trial court has heard only the rule for a preliminary injunction.
Our courts will extend injunctive relief only when irreparable injury is imminent[1] and, in order for a preliminary injunction to issue, the one seeking such an injunction must make a prima facie showing that he would suffer irreparable injury if the same is not granted.[2] In addition, “irreparable injury” such as will warrant the issuance of an injunction is that injury, loss or damage for which damages cannot be measured by a pecuniary standard.[3]
Here, the evidence offered at the trial of the rule was concerned mainly, and almost exclusively, with the merits of the suit to annul and, as those merits will be heard by the trial court at a later date, we prefer not to discuss or comment upon the same. It suffices to say we agree with the trial court’s conclusion that appellant failed to make the prima facie showing required for issuance of the preliminary injunction he seeks. This is particularly true in view of the fact that the record is devoid of any evidence showing any possible loss or damage to appellant other than satisfaction of the $750 judgment, which amount he admits he is quite capable of paying.
For the reasons assigned, the judgment appealed from is affirmed and the matter is remanded to the trial court for further proceedings in accordance with law.

AFFIRMED AND REMANDED.

. Greenberg v. DeSalvo, 254 La. 1019, 229 So.2d 83; State Board of Ed. v. National Collegiate Ath. Ass’n, La.App., 273 So.2d 912.

. Schwegmann Bros. G. S. Mkts. v. Louisiana Milk Com’n., La., 290 So.2d 312; West Publishing Co. v. Intrastate Pipeline Corp., La.App., 254 So.2d 643.

. State Board of Ed. v. National Collegiate Ath. Ass’n, supra, note 1.