CRAIN, Judge.
This is an appeal from the denial of a preliminary injunction pending a hearing to annul a default judgment.
On February 23, 1987, Carl Ryland, Jr. filed suit against Head & Engquist Equipment, Inc. (hereafter H & E) alleging that he had been discharged from employment because he filed a workman’s compensation claim. On May 8, 1987, a preliminary default was entered. On March 31, 1989, a confirmation hearing was conducted and judgment was rendered. H & E filed a suit to annul the default judgment and a rule for a preliminary injunction enjoining the execution of the judgment pending a hearing on a petition to annul.
The trial court denied the preliminary injunction. The issue for review is whether the trial court erred in refusing to issue the preliminary injunction.
ANALYSIS
La.C.C.P. art. 3601 states in part:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law....
During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited in accordance with the provisions of this Chapter.
This court, in Anzelmo v. Louisiana Commission on Ethics For Public Employees, 435 So.2d 1082, 1087 (La.App. 1st Cir.), writ denied, 441 So.2d 1220 (La.1983) stated:
[Ijnjunctive relief is not available as a remedy unless the petitioner shows that he will suffer irreparable injury if such relief is not granted....
Irreparable injury is considered to be a loss sustained by an injured party which cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard....
The jurisprudence requires the applicant for injunctive relief to make a prima facie showing that he wil prevail on the merits of the case....
The question of whether the preliminary injunction should be granted or denied is addressed to the sound discretion of the trial court, or trier of fact_ Its decision will be disturbed on review only in cases where a clear abuse of discretion has been shown.... (citations omitted)
The appellant has failed to make a prima facie showing of irreparable injury. The only possible loss or damage would be payment of the judgment and this is measurable by a pecuniary standard. Almost all of the evidence offered was concerned with the possible annulment of the default judgment. See Johnson v. Lee, 352 So.2d 303 (La.App. 4th Cir.1977)
In addition the appellant has failed to make a prima facie showing that it will prevail on the merits and have the default judgment annulled.
*184 La.C.C.P. art. 2004 provides that a final judgment obtained by fraud or ill practices may be annulled. As stated by this court in Phillips v. Patin, 517 So.2d 190, 191-192 (La.App. 1st Cir.1987)
The criteria for determining whether fraud or ill practice has been committed are: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief; and (2) when the enforcement of the judgment would be unconscionable and inequitable....
However, an action under article 2004 is not a substitute for an appeal.... A party seeking annulment must show that he was deprived of the opportunity to defend the law suit by some fraud or ill practice of the opposing party; he must allege and prove facts which would excuse his failure to plead any defense that he might have had.... The absence of a valid and sufficient reason for a party’s failure to defend a suit in which a default judgment has been taken when defenses could and should have been pleaded precludes a party from later maintaining an action for nullity of the judgment based on fraud or ill practices based on those defenses, (citations omitted)
The appellants do not allege any reason for the failure to defend. A confirmation was not taken until almost two years after the preliminary default. The appellant does not allege any ill practice by the appel-lee that acted to deprive the appellant of any legal right.
Basically, what the appellant desires is to annul a default judgment based on a defense that should have been, but was not, presented. To do so would render a default judgment meaningless.
The judgment of the trial court is affirmed. All costs are assessed against the appellant.
AFFIRMED.