841 So.2d 1032 (2003)
SEDGWICK CLAIMS MANAGEMENT SERV. INC., et al.,
v.
Chris A. CORMIER.
Court of Appeal of Louisiana, Third Circuit.
March 26, 2003.
*1033 Michael Benny Miller, Miller & Miller, Crowley, LA, for Defendant/AppellantChris A. Cormier.
Troy Allen Broussard, Allen & Gooch, Lafayette, LA, for Plaintiffs/AppelleesSafety National Casualty Corp., Ellender's Portable Buildings, Inc., and Sedgwick Claims Management Services, Inc.
Court composed of NED E. DOUCET, JR., C.J., ULYSSES GENE THIBODEAUX, and ELIZABETH A. PICKETT, Judges.
THIBODEAUX, Judge.
Ellender's Portable Buildings, Inc. (Ellender's), its insurer, Safety National Casualty Corp. (Safety), and the third-party administrator, Sedgwick Claims Management Services, Inc. (Sedgwick), filed a petition to annul a workers' compensation *1034 compromise judgment granted to employee, Chris Cormier. It alleged fraud under La.Code Civ.P. art.2004 against Cormier. Because the judgment was not paid within thirty days of the compromise, Cormier sought penalties and attorney fees pursuant to La.R.S. 23:1201(G).
The Office of Workers' Compensation (OWC) denied both claims. It reasoned that fraud was not proven and the settlement had been paid within thirty days of a previous appellate court decision attaching procedural issues relating to the settlement. Mr. Cormier appealed and the defendants answered the appeal.
We reverse in part and affirm in part. We conclude that the OWC erred in failing to award Mr. Cormier penalties and attorney fees and correctly determined that the compromise (later reduced to a formal, written judgment) should not be annulled.

I.

ISSUES
We shall consider whether:
(1) the compromise agreement was final and non-appealable under La.R.S. 23:1201(G), thus entitling the claimant, Mr. Cormier, to penalties and attorney fees; and,
(2) the OWC correctly determined that the compromise agreement should not be annulled.

II.

FACTS
The underlying facts of this case were set out in Cormier v. Ellender's Portable Bldg., 00-1595, p. 2 (La.App. 3 Cir. 2/28/01); 781 So.2d 776, 777-78 (Cormier I) as follows:
Trial on Mr. Cormier's claims against Ellender, his employer, was scheduled for May 3, 2000. Prior to the start of the trial, the parties reached an agreement to settle. When the matter was called, the parties, through counsel, stated for the record the terms of their settlement. The workers' compensation judge then questioned Mr. Cormier regarding his understanding and acceptance of the terms of the settlement. After Mr. Cormier indicated his agreement to the terms of the settlement, the workers' compensation judge stated: "Very well. The Court will sign off on documents once they're sent to me."
Upon receipt of the settlement documents from Ellender, counsel for Mr. Cormier had him sign the documents, including the settlement check. At that time, counsel disbursed to Mr. Cormier his share of the settlement funds. He then forwarded a copy of the settlement documents, including a Judgment of Dismissal to the workers' compensation judge for signature. The Judgment of Dismissal was signed on May 25, 2000.
After forwarding the settlement documents and check to counsel for Mr. Cormier, Ellender obtained information which it alleges indicates that Mr. Cormier committed fraud with respect to his claims, especially the extent of his injuries. In response thereto, it stopped payment on the settlement check and filed a Motion to Rescind Settlement and Require Forfeiture of Benefits Pursuant to § 1208.
In response to Ellender's Motion to Rescind, Mr. Cormier's former counsel filed an Exception of Improper Use of Summary Proceedings and/or Exception of No Cause of Action with Regard to Motion to Rescind Settlement and Require Forfeiture of Benefits Pursuant to § 1208. A hearing on Ellender's Motion to Rescind and the Exception of Improper Use of Summary Proceedings was held June 5, 2000. The workers' *1035 compensation judge denied the Motion to Rescind and granted the Exception of Improper Use of Summary Proceedings. Ellender filed a writ application with this court. Finding no error with the ruling of the Officer (sic) of Workers' Compensation judge, the writ was denied. See Cormier v. Ellender's Portable Building, Inc., an unpublished writ bearing docket number 00-955 (La.App. 3 Cir. 7/27/00). Ellender then filed this appeal, assigning three errors.
(Footnote omitted).
In the appeal noted above, the defendants argued that it was error to deny their Motion to Rescind the Settlement and to grant the Exception of Improper Use of Summary Proceedings. This court affirmed the decision of the OWC upholding the settlement. The defendants next sought to have the settlement nullified by filing a Motion to Nullify the Settlement in both the OWC and in the district court. Cormier filed an exception contesting the district court's jurisdiction. This exception was denied. Cormier filed a writ application with this court seeking a reversal of the district court's decision. Cormier's writ was granted and the district court's decision reversed by this court. We held that the district court had no subject matter jurisdiction to set aside the settlement. Meanwhile, the OWC refused to grant the defendants' motion to nullify the settlement. The OWC also refused to award Cormier penalties and attorney fees based on his argument that the defendants failed to pay the settlement funds timely. It found that the payment was timely because it was paid within thirty days of the ruling by this court in Cormier I.

III.

LAW AND DISCUSSION
Penalties and Attorney Fees
Mr. Cormier contends he is owed penalties and attorney fees because his settlement with Ellender's on May 3, 2000, was a final, non-appealable judgment. In accordance with La.R.S. 23:1201(G), an "award payable under the terms of a final, non-appealable judgment" must be paid within thirty days. Failure to pay the judgment amount within thirty days entitles the claimant to receive penalties and attorney fees. The initial question we must answer is whether the settlement in this case, recited on the record, is a final and non-appealable judgment such that failure to pay the judgment within thirty days subjects the employer to paying penalties and attorney fees. The defendants assert that the question regarding the nonappealable nature of the settlement was previously argued before another panel of this court in Cormier I, "unsuccessfully" and that the "law of the case doctrine" applies to preclude this court from reconsideration of this issue in the present appeal. We disagree.
A review of the record filed in Cormier I and the decision of this court reveals that Mr. Cormier did not file his own appeal or answer to the Ellender's appeal of the judgment of the OWC; thus, the issue of the non-appealable nature of the settlement was not properly before this court in Cormier I. Further, the decision in Cormier I reflects that the panel did not consider or render a judgment on the issue. Therefore, the issue is properly before this court in the present appeal and we are not precluded from consideration of the issue by the "law of the case" doctrine.
The defendants contend that the settlement agreement in this case does not constitute a final, non-appealable judgment. In 1999, the legislature amended La.R.S. 23:1272(A) to provide:
A. A lump sum or compromise settlement entered into by the parties under *1036 R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.
(Emphasis added).
Prior to the amendment, other circuit courts in this state held that writings not typically conferred with the title of "judgment" were considered to be final, nonappealable judgments. In Borne v. St. John The Baptist Parish Sch. Bd., 97-1062 (La.App. 5 Cir. 3/11/98); 712 So.2d 921, writ denied, 98-807 (La.5/8/98); 719 So.2d 52, a case decided prior to the 1999 amendment, the court held that an "Order" by the workers' compensation judge approving the settlement between the employer and the claimant was non-appealable. The fourth circuit in Johnson v. TMSEL, RTA, 95-1352 (La.App. 4 Cir. 2/15/96); 669 So.2d 1309, 1311, said with respect to a "resolution" entered into by the parties found that "[a] binding settlement had been reached" and that it was final and non-appealable under La.R.S. 23:1272. In Richard v. Our Lady of Lourdes Reg'l Med. Ctr., Inc., 02-571 (La.App. 3 Cir. 10/30/02); 829 So.2d 1147, a case with facts similar to those in the present case, this court noted that the "language of the 1999 amendment closely tracks La.Civ.Code art. 3071 ...". Louisiana Civil Code Article 3071 states in part:
This contract must be either reduced to writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in more convenient form.
(Emphasis added).
This court further held in Richard:
The amendment to La.R.S. 23:1272 broadens the available avenues for settling workers' compensation claims. Clearly the legislature intended the recitation in open court to have the same effect as the previously approved forms of settlement. The settlement of a workers' compensation claim is substantially the same as a transaction or compromise. An oral recitation of a transaction or compromise in open court which is capable of transcription is judicially enforceable.
Id. at 1149. This court ultimately concluded that the OWC in that case was correct in finding that the "oral recitation of the workers' compensation settlement agreement by the parties in open court ... is a final non-appealable judgment for the purposes of La.R.S. 23:1201(G)" and that the OWC correctly awarded the claimant penalties and attorney fees. Id.
In further support of their contention that the settlement the defendants and Cormier entered into is not a final and non-appealable judgment, the defendants assert that in accordance with La.R.S. 23:1272, the workers' compensation judge was required to make "additional factual findings." Louisiana Revised Statutes 23:1272(A) requires the workers' compensation judge to determine whether the employee "understands the terms and conditions of the proposed settlement" and La. R.S. 23:1272(B) requires a finding by the workers' compensation judge that the agreement between the parties is "fair, equitable and consistent" with workers' compensation laws prior to approval of the settlement. The purpose of this statute is to "provide numerous safeguards to prevent an employee from being coerced, to *1037 prevent a hasty and possibly ill-advised resolution of the employee's claim, and to protect the parties from unwise actions which may cause them serious detriment." Morris v. East Baton Rouge Parish Sch. Bd., 93-2396, p. 4 (La.App. 1 Cir. 3/3/95); 653 So.2d 4, 6, writ denied, 95-0852 (La.5/5/95); 654 So.2d 335. Although the procedural requirements of La.R.S. 23:1272 are mandatory, a judgment obtained in conformity therewith should be "virtually unassailable." Harrington v. Quality Steel Bldg. Erectors, 95-822, p. 6 (La.App. 3 Cir. 3/6/96); 670 So.2d 1372, 1376, writ denied, 96-1315 (La.6/28/96); 675 So.2d 1128 (quoting Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La. 1980)).
Under its prior version, the statute required a district judge to "discuss" the terms of the settlement with the claimant. Now, a workers' compensation judge need only "determine" that the employee understands the settlement and that it is fair, equitable, and consistent with the workers' compensation law. If these safeguards are followed, the settlement may only be set aside for fraud or misrepresentation made by any party.
In Cormier I, we stated:
The workers' compensation judge did not affirmatively state on the record that she considered the terms of the settlement or that she found the settlement to be fair, equitable, and consistent with the workers' compensation laws. However, it is clear from her actions at the time the settlement was stated for the record and at the hearing on May 25, 2000, that she considered the settlement and approved it. We find no merit to this assignment of error. Cormier, 781 So.2d at 778. The safeguards were complied with.
At the latest, the settlement in this case occurred on May 25, 2000. The defendants submitted a check in the amount of $61,158.06 on March 26, 2001, well in excess of thirty days following the settlement. Because we find that the settlement was a final and non-appealable judgment on May 3, 2000, the fact that the settlement funds were paid within thirty days of this court's appellate decision is of no consequence. It was not paid within the time limits provided by La.R.S. 23:1201(G). Therefore, Mr. Cormier is owed penalties and attorney fees. The amount due is "an amount equal to twenty-four percent [of the judgment amount] of one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater ... The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate." La.R.S. 23:1201(G). Mr. Cormier asserts that he is entitled to a penalty award in the amount of $14,677.93, twenty-four percent of $61,158.06 which is greater than the $100.00 per day penalty amount. We agree. With respect to attorney fees, we find that the amount of $5,000.00 is reasonable.
Nullity of the Settlement
Ellender's answered Mr. Cormier's appeal asserting that the OWC erred when it failed to nullify the settlement based on fraud committed by Mr. Cormier which induced the defendants to enter into a settlement agreement. They also seek restitution. Louisiana Code Civil Procedure Article 2004 provides:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

*1038 C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
Ellender's claims that Mr. Cormier induced it to settle his workers' compensation claim by misrepresenting his physical abilities. Ellender's asserts that during his deposition taken in 2000, Mr. Cormier presented himself as a crippled person unable to do any type of work, yet video surveillance tapes taken on April 26, May 8, and 10, 2000, as well as May 16, 21, and 23, 2001, reveal Mr. Cormier engaging in activities inconsistent with his claim of severe physical disability. The workers' compensation judge found that the information regarding Mr. Cormier's physical abilities was obtained by Ellender's after the parties entered the settlement agreement and would not consider the postsettlement evidence. The workers' compensation judge reasoned that to consider such evidence would "taint the validity of all settlements." Thus, the workers' compensation judge did not review any of the video tapes submitted by Ellender's. However, as noted above, La.Code Civ.P. art provides that a final judgment obtained by fraud may be annulled. The defendants claim they were induced to settle with Mr. Cormier because he misrepresented his physical condition; therefore the final, non-appealable settlement judgment should be annulled. We find that the OWC correctly refused to entertain evidence of Mr. Cormier's physical condition sought to be presented after the compromise agreement. However, in an abundance of caution and to finally dispose of this compromise, we shall do so.
Louisiana jurisprudence sets forth two criteria to determine whether a judgment has been rendered through fraud or ill practices, and is thus subject to nullification: (1) whether circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and (2) whether enforcement of the judgment would be unconscionable or inequitable. Johnson v. Jones-Journet, 320 So.2d 533 (La.1975), Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La. 1980), and Ward v. Pennington, 523 So.2d 1286 (La. 1988).
Belle Pass Terminal, Inc. v. Jolin, Inc., 01-149, p. 6 (La.10/16/01); 800 So.2d 762, 766. In other words, "[a] party seeking annulment must show that he was deprived of the opportunity to defend the law suit by some fraud or ill practice of the opposing party." Head & Engquist Equipment, Inc. v. Ryland, 577 So.2d 182, 184 (La.App. 1 Cir.1991). In the present case, the defendants were not deprived by any act of Mr. Cormier of the opportunity to defend the law suit. In fact, the OWC and Mr. Cormier were prepared and ready to proceed to trial on the date the defendants decided to settle the case. Some of the evidence regarding Mr. Cormier's physical condition depicted in video surveillance tapes was taken prior to the trial date. However, it was the defendants who requested a continuance of the trial which was denied by the OWC. Apparently, the defendants were not ready to proceed to trial at that moment and made the decision to settle. Thus, it was not any act on the part of Mr. Cormier that induced the settlement. Instead, the record reveals that it was the defendants' decision to willingly dispose of their opportunity to present a defense when faced with the OWC's denial of their motion to continue which induced the settlement. Therefore, we reject the contentions of the employer and its insurer and third-party administrator.

IV.

CONCLUSION
For the reasons assigned, the judgment of the Office of Workers' Compensation *1039 denying defendants' request to nullify the settlement judgment is affirmed. The judgment of the workers' compensation judge denying Chris Cormier penalties and attorney fees for the defendants' failure to pay settlement funds within thirty days of the judgment is reversed and set aside. We award Chris Cormier the amount of $14,677.93 in penalties and $5,000.00 in attorney fees. Finally, it is ordered that all costs of this appeal are to be born by the defendants, Ellender's Portable Buildings, Inc., Safety National Casualty Corp., and Sedgwick Claims Management Services, Inc.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.