STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-993


GERALD TAYLOR

VERUS

HATHORN TRANSFER & STORAGE


**************
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
PARISH OF RAPIDES,  DOCKET NO. 06-04044
HONORABLE JAMES H. BRADDOCK,
WORKERS' COMPENSATION JUDGE


**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Jimmie C. Peters, Judges.


**AFFIRMED.**


**Clifton J. Spears, Jr.**
**Attorney at Law**
**5003 Masonic Drive, Suites 119-122**
**Alexandria, LA 71301-3373**
**(318) 442-6240**
**COUNSEL FOR APPELLANT:**
        **Gerald Taylor**

**Thomas D. Travis**
**Johnson, Stilner & Rahman**
**2237 S. Acadian Thruway**
**Baton Rouge, LA 70808**
**(225) 231-0521**
**COUNSEL FOR APPELLEES:**
        **Hathorn Transfer & Storage and**
        **Louisiana Workers' Compensation Corporation**

**COOKS, Judge.**

### STATEMENT OF THE CASE

This is a workers' compensation case. The issue presented is whether an employee's claim against his employer for payment of a medical bill and mileage is extinguished by virtue of a compromise and settlement entered into by the parties and approved by order of the workers' compensation judge. The workers' compensation judge found that the claim was barred. For the reasons assigned below, we affirm the decision of the workers' compensation judge.

### STATEMENT OF THE FACTS

The facts are as follows. Gerald Taylor was injured while on the job for his employer, Hathorn Transfer & Storage. Mr. Taylor was initially represented by attorney Thomas Davenport. He later retained Clifton J. Spears, Jr. The employer was represented by Frank E. Brown, III. Mr. Taylor was sent to Dr. Alan Appley, a neurosurgeon, for evaluation. Dr. Appley ordered an MRI of the cervical and thoracic spine. The MRI was approved by the employer. In his deposition, Dr. Appley admitted at the time he ordered the test, he believed Mr. Taylor needed both a cervical and thoracic MRI. After the tests were performed, Dr. Appley decided the work-related problem Mr. Taylor was experiencing was unrelated to his cervical spine. The employer bifurcated the bill and paid only for the thoracic MRI. Mr. Taylor began receiving bills from Open Air MRI prior to the settlement. A compromise was eventually agreed to between the parties. Mr. Spears drafted two letters to Mr. Brown dated February 8, 2006 and February 9, 2006. The February 8 letter confirmed "I am in receipt of the settlement package and my client has agreed to settle this matter for FIFTY THOUSAND and no/100 ($50,000.00) DOLLARS." The letter addressed the issue of the mileage and the outstanding MRI bill, as follows:

1

There is the matter of unpaid mileage and an unpaid bill to Open Air MRI of Louisiana, which I have attached to this letter. If possible, could we have the mileage check made separate from the settlement check and made payable to Gerald Taylor only?

The letter of February 9 from Mr. Spears to Mr. Brown states the settlement documents have been "duly executed" but the "Receipt and Release has not been executed and will not be executed until I have check in hand." The letter also provides:

There is the matter of unpaid mileage and an unpaid bill to Open Air MRI of Louisiana. Please have the mileage check made separate from the settlement check, and made payable to Gerald Taylor only.

Counsel for Mr. Taylor asserts that he and Mr. Brown agreed the mileage and MRI charges would be paid separate and above the settlement. The settlement documents were signed but they do not mention the agreement between the two attorneys or the disputed charges. The settlement was approved by the workers' compensation judge. The check for the disputed charges was not forthcoming. Counsel for Mr. Taylor called Mr. Brown in reference to the unpaid mileage and MRI bill and learned that Mr. Brown was fired from his employment with the firm.

Mr. Taylor filed a disputed claim for payment based on representations made by counsel for the employer that the expenses were to be paid over and above the settlement. The employer filed an exception of res judicata. The workers' compensation judge found although the letters indicate a concern regarding the unpaid charges, there was nothing to suggest that the employer agreed to pay the disputed charges in addition to the settlement amount. Further, the workers' compensation judge found the Plaintiff signed the settlement knowing there was an outstanding MRI bill and unpaid mileage benefits. The workers' compensation judge maintained the exception of res judicata, finding the settlement extinguished any obligation on the part of the employer for the disputed charges. The employee

2

appeals.

## LAW AND DISCUSSION

Louisiana Revised Statutes 23:1272 provides, in relevant part:

A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgement by the parties in open court which is capable of being transcribed from the record of the proceedings.

B. When the employee or his dependent is represented by counsel, and if attached to the petition presented to the workers' compensation judge are affidavits of the employee or his dependent and of his counsel certifying each one of the following items: (1) the attorney has explained the rights of the employee or dependent and the consequences of the settlement to him; and, (2) that such employee or dependent understands his rights and the consequences of entering into the settlement, then the workers' compensation judge shall approve the settlement by order, and *the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party*. (Emphasis added).

The purpose of this statute is to "provide numerous safeguards to prevent an employee from being coerced, to prevent a hasty and possibly ill-advised resolution of the employee's claim, and to protect the parties from unwise actions which may cause them serious detriment." *Sedgwick Claims Management Serv. Inc. v. Cormier,* 02-0216 (La.App. 3 Cir. 3/26/03), 841 So.2d 1032, *writ denied*, 03-1185 (La. 6/20/03), 847 So.2d 1234. A judgment obtained in compliance with the statutory requirements may only be set aside for fraud or misrepresentations. *Id.*

At the hearing, Mr. Spears argued Plaintiff was induced into settling his claim by the false assurances made by Mr. Brown that the MRI charges and attendant mileage expenses would be paid over and above the settlement. He asserts the Plaintiff began receiving a bill for the cervical MRI prior to the settlement. This bill was discussed with Mr. Brown and the parties agreed that the full amount of the charges and related mileage expenses would be paid in addition to the settlement

3

amount. In support of Plaintiff's claim, Mr. Spears introduced the letters sent to Mr. Brown. No testimony was offered other than Mr. Spears's argument at the hearing regarding the verbal agreement between he and Mr. Brown.

A "compromise instrument is the law between the parties and must be interpreted according to the parties' true intent." *Brown v. Drillers, Inc.*, 93-1019, p. 7 (La. 1/14/94), 630 So.2d 741, 748. "Thus, the intent which the words of the compromise instrument express in light of the surrounding circumstances at the time of execution of the agreement is controlling." *Brown,* 630 So.2d at 748. The record indicates the settlement package includes a Joint Petition for Approval of Compromise Settlement, signed by Plaintiff, which states: "Employee understands that this settlement will release the Employer and Insurer from any obligation to pay past or future weekly benefits and past or future medical benefits whether or not those medical bills have been submitted to the Employer/Insurer." The settlement package also contains a Verification signed by Mr. Taylor, an Attorney Statement, and a Motion and Order to Dismiss the Claim signed by Mr. Taylor and Mr. Spears. The Order was signed by the workers' compensation judge on March 2, 2006. There is nothing in the record to suggest Plaintiff was mislead or defrauded by the employer into signing the settlement documents. Plaintiff was represented by competent counsel and was fully aware that there was an outstanding medical bill and that he had incurred travel expenses for which he had not been reimbursed. We agree with the workers' compensation judge and find any further claim for expenses is barred by the settlement with the employer. Accordingly, we affirm the judgment of the workers' compensation judge. All costs of this appeal are assessed to Gerald Taylor.

**AFFIRMED.**

4