STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-793


CAREY DORSEY

VERSUS

PROTEMP STAFFING SOLUTIONS, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 15-06413
CHARLOTTE BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Van H. Kyzar, and Candyce G. Perret, Judges.


AFFIRMED.

Stacy C. Auzenne
Auzenne Law Firm, L.L.C.
3600 Jackson Street, Suite 121
Alexandria, LA   71303
(318) 880-0087
COUNSEL FOR DEFENDANT/APPELLEE:
    ProTemp Staffing Solutions, Inc.

Charles W. Farr
1966 N. Highway 190, Suite B
Covington, LA   70433
(985) 626-3812
COUNSEL FOR DEFENDANT/APPELLEE:
    Boise Cascade Company

**Carey Dwayne Dorsey**
**Post Office Box 562**
**Oberlin, LA   70655**
**(337) 977-1244**
**IN PROPER PERSON**

**AMY, Judge.**

The workers' compensation claimant sought benefits from injuries he allegedly sustained in a work-related accident. After the parties entered into a settlement, the claimant sought to reopen his claim by filing an amended claim. The workers' compensation judge concluded that the claimant failed to prove that the settlement should be set aside or modified. Subsequently, the claimant filed a motion to amend judgment and motion for new trial, and the workers' compensation judge denied both motions. The claimant now appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

On October 9, 2015, the claimant, Carey Dorsey, filed a "Disputed Claim for Compensation" in which he alleged that he injured his neck and back on September 21, 2011, while employed by ProTemp Staffing Solutions, Inc. ("ProTemp"). In particular, Mr. Dorsey asserted that the injury occurred when he was attempting to open a panel on a "chipper," which was subsequently engaged and jerked his body. Mr. Dorsey contended that his wage benefits terminated or were reduced on September 7, 2015, and that Protemp should be assessed penalties, attorney fees, court costs, and legal interest, as well as a penalty for the failure to have workers' compensation insurance.

ProTemp answered and, in pertinent part, denied that Mr. Dorsey sustained an injury and denied that he was either temporarily or permanently disabled. In its answer, ProTemp stated that, at the time of Mr. Dorsey's alleged injury, it was insured by the Louisiana Safety Association of Timbermen. Additionally, ProTemp provided that compensation had been paid to Mr. Dorsey from September 21, 2011, the date of the alleged accident, until September 7, 2015. The

record indicates that around September 7, 2015, the Louisiana Safety Association of Timbermen filed for bankruptcy.

Subsequently, Mr. Dorsey filed a "Motion and Order to File Amended and Supplemental Disputed Claim for Compensation." Mr. Dorsey alleged that, at the time of the injury, he had been "hired by ProTemp and loaned to defendant, Boise Cascade Company ("Boise Cascade") to perform work as a temporary employee." He further contended that, "[a]s the borrowing employer and/or the statutory employer, Boise Cascade is liable for workers' compensation indemnity benefits to Carey Dorsey." The workers' compensation judge granted Mr. Dorsey's motion. Mr. Dorsey and Boise Cascade ultimately entered into a consent judgment, which stipulated that Boise Cascade was the "special employer" or "borrowing employer" on the date of the alleged accident.

A hearing on Mr. Dorsey's claims was scheduled for November 16, 2016. However, prior to the start of the hearing, counsel notified the workers' compensation judge that the parties had reached an agreement to settle, and a compromise settlement was read into the record before the workers' compensation judge. Mr. Dorsey was represented by counsel, Gregory P. Marceaux, at this hearing. The workers' compensation judge asked Mr. Dorsey whether he had heard the terms and conditions of the settlement and whether he agreed with them, and Mr. Dorsey responded affirmatively to both questions. Thereafter, Mr. Dorsey, ProTemp, and Boise Cascade filed a "Joint Motion to Dismiss with Prejudice," which was granted by the workers' compensation judge. The parties then submitted signed compromise settlement documents and a "Joint Petition for Compromise Settlement of Workers' Compensation Claim" to the workers' compensation judge. On January 17, 2017, the workers' compensation judge signed the parties' "Request for Compromise or Lump Sum Settlement," as well as

2

an "Order of Approval of Compromise Settlement" and an "Order of Dismissal."

The "Order of Approval of Compromise Settlement" provided, in pertinent part:

> EMPLOYER, **PROTEMP STAFFING SOLUTIONS, INC.**, and DEFENDANT, **BOISE CASCADE COMPANY**, shall be fully, finally and forever released and relieved from any and all further liability from any claims for compensation, damages as they relate to this workers' compensation claim, attorney's fees, travel expenses, penalties, medical expenses, and weekly workers' compensation indemnity or monthly supplemental earnings benefits or any other such claims arising heretofore which may hereafter arise out of the Louisiana Worker's Compensation laws in any manner connected with or growing out of any accident or injury occurring prior to the date of this Order, except for the obligation to comply with the terms of this Settlement Agreement.

On March 2, 2017, appearing in proper person, Mr. Dorsey filed an "Amended Disputed Claim for Compensation," which again named ProTemp and Boise Cascade and alleged that Mr. Dorsey had injured his neck and back on September 21, 2011. In the claim, Mr. Dorsey alleged that "Wage benefits terminated or reduced on 09/07/2015" and "Medical benefits terminated 09-07-2015." He also contended: "I have not received any temporary total disability benefits, cash or medical treatment and services since 09-07-2015. Comproise [sic] lump sum. And not seen by physican [sic] Dr. Hodges since 8-2015[.] Status TTD still unable to work. In treatment." ProTemp and Boise Cascade both filed exceptions of res judicata, motions to enforce the settlement, and motions for sanctions. On April 12, 2017, the workers' compensation judge held a hearing to address Mr. Dorsey's request. At the hearing, Mr. Dorsey argued that the settlement should be set aside on the basis of fraud or misrepresentation. After taking the matter under advisement, the workers' compensation judge issued a ruling, concluding that Mr. Dorsey had failed to prove that the settlement should be set aside or modified; denying Mr. Dorsey's motion to set aside or vacate the

settlement; and held that the exceptions filed by ProTemp and Boise Cascade were rendered moot.

Subsequently, on April 26, 2017, Mr. Dorsey filed a "Motion to Amend Judgment and for New Trail [sic]." In response, ProTemp and Boise Cascade filed exceptions of res judicata, motions for sanctions, and memoranda in opposition to Mr. Dorsey's motions. After a hearing on June 12, 2017, the workers' compensation judge denied Mr. Dorsey's motions, as well as ProTemp's and Boise Cascade's exceptions of res judicata and motions for sanctions.

Mr. Dorsey thereafter appealed, and ProTemp and Boise Cascade moved to dismiss the appeal. A panel of this court issued a limited remand of the appeal in order for the workers' compensation judge to conduct a contradictory hearing and enter a ruling as to whether Mr. Dorsey timely fax-filed his motion for new trial. *Dorsey v. ProTemp Staffing Solutions, Inc.*, 17-793 (La.App. 3 Cir. 11/15/17), 233 So.3d 122. After the workers' compensation judge conducted the hearing and entered judgment finding that Mr. Dorsey timely filed the motion with an appropriate filing fee within the time required by La.R.S. 13:850, the panel denied the motions to dismiss the appeal. *Dorsey v. ProTemp Staffing Solutions, Inc.*, 17-793 (La.App. 3 Cir. 1/31/18), 237 So.3d 1195.

Accordingly, we now consider the merits of the appeal, in which Mr. Dorsey, appearing in proper person, asserts that the workers' compensation judge: 1) failed to adequately inquire into his understanding of the settlement agreement, thereby resulting in fraud and ill practices; 2-3) erred in failing to consider his claim on the merits and that benefits, penalties, and attorney fees should have been awarded; 4) erred in permitting the entry of the settlement agreement into the record at what should have been a hearing on the merits; 5-6) erred in approving the settlement agreement without adequate assurance that Mr. Dorsey was aware

4

that it was a compromise of his claim; and 7) erred in not awarding a penalty due to the employers' alleged late payment of the sums due.

**Discussion**

*Inquiry as to understanding of settlement*

Mr. Dorsey contends that the workers' compensation judge failed to adequately inquire into his understanding of the settlement agreement. He further asserts that the workers' compensation judge erred in approving the settlement agreement without adequate assurance that Mr. Dorsey was aware that the settlement was a compromise of his claim. Mr. Dorsey alleges that the workers' compensation judge's actions constitute fraud and "Ill Practice" and allowed the "Defendants To Committ [sic] Unlawful Practice."

The procedural requirements for approval of workers' compensation settlement agreements are found in La.R.S. 23:1272, which provides, in pertinent part:

> A. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers' compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.
>
> B. When the employee or his dependent is represented by counsel, and if attached to the petition presented to the workers' compensation judge are affidavits of the employee or his dependent and of his counsel certifying each one of the following items: (1) the attorney has explained the rights of the employee or dependent and the consequences of the settlement to him; and, (2) that such employee or dependent understands his rights and the consequences of entering into the settlement, then the workers' compensation judge shall approve the settlement by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party.

In discussing La.R.S. 23:1272, this court has explained:

Although the procedure requirements of La.R.S. 23:1272 are mandatory, a judgment obtained in conformity therewith should be "virtually unassailable." *Harrington v. Quality Steel Bldg. Erectors*, 95-822, p. 6 (La.App. 3 Cir. 3/6/96); 670 So.2d 1372, 1376, *writ denied*, 96-1315 (La.6/28/96); 675 So.2d 1128 (quoting *Smith v. Cajun Insulation, Inc.*, 392 So.2d 398, 401 (La.1980)).

Under its prior version,[1] the statute required a district judge to "discuss" the terms of the settlement with the claimant. Now, a workers' compensation judge need only "determine" that the employee understands the settlement and that it is fair, equitable, and consistent with the workers' compensation law. If these safeguards are followed, the settlement may only be set aside for fraud or misrepresentation made by any party.

*Sedgwick Claims Mgmt. Serv. Inc. v. Cormier*, 02-0216, pp. 6-7 (La.App. 3 Cir. 3/26/03), 841 So.2d 1032, 1037, *writ denied*, 03-1185 (La. 6/20/03), 847 So.2d 1234. With this is mind, we turn to the facts of the case.

Included with the settlement documents that the workers' compensation judge received was a "Receipt and Release" signed by Mr. Dorsey and his attorney, Mr. Marceaux, which provided, in pertinent part:

---

[1] In *Smith v. Cajun Insulation, Inc.*, 392 So.2d 398, 400 (La.1980), the supreme court summarized the prior version of La.R.S. 23:1272:

The procedure governing the approval of disputed workmen's compensation claims is set forth in La.R.S. 23:1272, which states in part:

"The agreement entered into between the employee or his dependents and the employer or his insurer, shall be presented to the court for its approval upon a joint petition verified by all parties thereto. The judge to whom the petition is presented shall, in every case, discuss the settlement and its terms with the employee or his dependents. When the employee or his dependents are not represented by a lawyer ... the judge shall appoint one to advise them relative to the proposed compromise settlement. A reasonable fee for such services shall be fixed by the court and taxed as costs. The judge shall require such proof of the dispute between the parties and of the other facts set out in the joint petition as he thinks proper."

6

[Carey Dorsey] further declares that he has been represented herein by Gregory P. Marceaux, Attorney at Law, who has advised him of all of his rights under the workers' compensation laws of the State of Louisiana and all other applicable laws, and that he fully understands these rights, and further that he understands and agrees that this settlement is intended to encompass and compromise all of his rights with regard to the above described incident.

Also came and appeared Gregory P. Marceaux, duly authorized attorney of record for **CAREY DORSEY**, who executed this release in order to concur in and consent to this release.

Additionally, the settlement documents contained a "Verification," which was signed by Mr. Dorsey and stated, in pertinent part:

**CAREY DORSEY**, who, after being duly sworn, did depose and state:

. . . .

That his rights under the Workers' Compensation laws of the State of Louisiana have been fully explained to him;

. . . .

That he fully understands the ramifications of this settlement and he fully understands that in the event this settlement is approved by the Office of Workers' Compensation Administration, he will accept said sum in full and final satisfaction of any and all claims which he has for workers' compensation benefits[.]

The settlement documents also contained a "Certificate," whereby Mr. Marceaux: "does hereby certify that he has discussed the terms, conditions and effects of the above and foregoing proposed settlement, with the said **CAREY DORSEY**, and has advised him of his rights under Louisiana Law and believes that the said **CAREY DORSEY** understands the terms, and conditions of the proposed settlement."

Further, as discussed above, the settlement agreement was read into the record at the November 16, 2016 hearing, at which time the following colloquy occurred:

THE COURT:

Gentlemen, you may put the terms and conditions on the record at this time.

MR. MARCEAUX:

Judge, the parties have agreed to settle the matter for $55,000; of that money, $31,000 is designated to settle the pending issues before the Court, the pending 1008; $24,000 is designated a lump sum settlement; out of $24,000, $5,000 will be set aside for an MSA, medical savings account, and of the remaining $19,000, that will be prorated over the lifetime of Mr. Dorsey's life expectancy for the reverse offset.

THE COURT:

Mr. Dorsey, you have heard the terms and conditions of the settlement, sir?

MR. DORSEY:

Yes.

THE COURT:

And you are in agreement with those terms and conditions?

MR. DORSEY:

Yes, ma'am.

. . . .

THE COURT:

Thank you. The Court finds the settlement fair, equitable and consistent with the workers' compensation laws and, therefore, I am approving the terms and conditions of the settlement.

In the "Order of Approval of Compromise Settlement," the workers' compensation judge stated that the order was being issued upon:

[H]aving determined that the **EMPLOYEE** understands the terms and conditions of the settlement proceedings, and being of the opinion that the compromise settlement proposed is in the best interest of the parties, is fair and equitable . . . and is in substantial accord with the terms of Title 23, Chapter 10, Revised Statutes of Louisiana[.]

The "Receipt and Release," "Verification," and "Certificate" excerpted above reveal that, in accordance with La.R.S. 23:1272, the workers' compensation judge approved the settlement after receiving an affidavit certifying that Mr. Marceaux explained to Mr. Dorsey his rights and the consequences of the settlement and certifying that Mr. Dorsey understood his rights and the consequences of the settlement. Though Mr. Dorsey suggests that the workers' compensation judge erred by not discussing the settlement with him, the workers' compensation judge was not required to do so. *See Cormier*, 841 So.2d 1032. Rather, the workers' compensation judge needed only to determine that Mr. Dorsey understood the settlement and that the settlement was fair, equitable, and consistent with the workers' compensation law. *Id.* The colloquy from the November 16, 2016 hearing, as well as the "Order of Approval of Compromise Settlement," evidence that the workers' compensation judge determined that Mr. Dorsey understood the settlement and that the settlement was "fair, equitable, and consistent with the workers' compensation law." *Id.* at 1037. Thus, we find that there is no merit in Mr. Dorsey's assertions that the workers' compensation judge erred by not further inquiring into his understanding of the terms of the settlement and by not more extensively ensuring that he understood that the settlement was a compromise of his claim, thereby resulting in ill practices. Moreover, we observe that Mr. Dorsey has not otherwise presented evidence of "fraud or misrepresentation made by any party" so as to justify setting aside or modifying the settlement pursuant to La.R.S. 23:1272(B).

*Penalties, attorney fees, and legal interest*

Next, Mr. Dorsey alleges that the workers' compensation judge erred by not assessing a penalty for ProTemp's failure to have workers' compensation insurance. He also asserts that the workers' compensation judge erred by not

9

ordering penalties, attorney fees, and legal interest for the defendants' failure to reinstate his workers' compensation benefits. In *Taylor v. Hathorn Transfer & Storage*, 07-993, p. 4 (La.App. 3 Cir. 2/6/08), 976 So.2d 259, 262, a panel of this court noted:

> A "compromise instrument is the law between the parties and must be interpreted according to the parties' true intent." *Brown v. Drillers, Inc.*, 93-1019, p. 7 (La.1/14/94), 630 So.2d 741, 748. "Thus, the intent which the words of the compromise instrument express in light of the surrounding circumstances at the time of execution of the agreement is controlling." *Brown*, 630 So.2d at 748.

For example, in *Taylor*, the parties entered into a compromise by which the claimant released the employer from any obligation to pay past or future weekly benefits, as well as medical benefits, whether or not the bills had been submitted to the employer at the time of the settlement. After the settlement, the claimant filed a disputed claim for unpaid mileage and unpaid medical bills. *Id.* The panel in *Taylor* concluded that any further claim for expenses was barred by the settlement. *Id.*

In this case, the settlement documents included a "Joint Petition for Compromise Settlement of Workers' Compensation Claim," which was signed by Mr. Dorsey, and which states, in pertinent part:

> The **EMPLOYEE** has agreed to grant a full and complete release and discharge to the **EMPLOYER** and **DEFENDANT** from any and all liability for workers' compensation indemnity benefits, both temporary total and supplemental earnings, burial expenses, death benefits, penalties, medical expenses, mileage benefits, contingent expenses, other damages as they relate to this workers' compensation claim, attorneys fees, court costs, Medicare Secondary Payer reimbursement sums, and all other amounts, which might be due by reason of the alleged accident which occurred on or about September 21, 2011.

The settlement documents also included a "Verification" signed by Mr. Dorsey, which provides, in pertinent part: "[Mr. Dorsey] fully understands that in the event this settlement is approved by the Office of Workers' Compensation

Administration, he will accept said sum in full and final satisfaction of any and all claims which he has for workers' compensation benefits[.]"  Mr. Dorsey has not identified anything in the record demonstrating that he was misled or defrauded into signing the settlement documents.  Further, Mr. Dorsey was represented by counsel when he signed the documents.  *See Taylor*, 976 So.2d 259.  Accordingly, we leave undisturbed the workers' compensation judge's conclusion that the totality of Mr. Dorsey's claim, including that for penalties, attorney fees, and legal interest, was subject to the compromise settlement.

*Temporary total disability*

We next turn to Mr. Dorsey's assertion regarding temporary total disability status.  Mr. Dorsey argues that the workers' compensation judge erred in allowing ProTemp and Boise Cascade "To Ajudicate [sic] The Permanency of [his] Temporary Total Disability[.]"  Louisiana Revised Statutes 23:1271 (emphasis added) provides, in pertinent part:

> [A.] A lump sum payment or compromise settlement in exchange for full and final discharge and release of the employer, his insurer, or both from liability under this Chapter shall be allowed only:
>
> . . . .
>
> (3) Upon the expiration of six months after termination of temporary total disability.  *However, such expiration may be waived by consent of the parties.*

The "Joint Petition for Compromise Settlement of Workers' Compensation Claim" states: "Movers waive the six month waiting period of L.A.-R.S. 23:1271."  Additionally, a completed "Waiver of Six Month Waiting Period for Joint Settlement and Compromise" was also submitted to the workers' compensation judge.  The waiver provides, in pertinent part:

> **CAREY DORSEY** . . . who after being duly sworn did depose and state:

11

That he is the petitioning **EMPLOYEE** in these proceedings; that it has been explained to him that pursuant to La. R.S. 23:1271 a lump sum payment or compromise settlement in exchange for full and final discharge and release of the EMPLOYER, **PROTEMP STAFFING SOLUTIONS, INC.**, and DEFENDANT, **BOISE CASCADE COMPANY**, from liability under the worker's compensation laws of the State of Louisiana, shall be allowed only upon the expiration of six months after the termination of payment of benefits.

That he fully understands and intelligently waives the six month waiting period which is required under Louisiana law pursuant to La. R.S. 23:1271.

Considering the foregoing, we detect no error in the workers' compensation judge's conclusion. Rather, as evidenced above, the six month waiting period for a lump sum payment or compromise settlement after termination of temporary total disability was waived by consent of Mr. Dorsey, ProTemp, and Boise Cascade in accordance with La.R.S. 23:1271. Therefore, we find no merit in Mr. Dorsey's assignment in this regard.

*Entry of the settlement at a hearing on the merits*

Mr. Dorsey also asserts that the workers' compensation judge erred in permitting the entry of the settlement agreement at what should have been a hearing on the merits. However, Mr. Dorsey fails to point to a provision in the workers' compensation law prohibiting the entry of a settlement into the record on the date scheduled for a hearing on the merits. Thus, we find no merit in Mr. Dorsey's assignment of error.

*Penalty allegedly due for late payment of settlement funds*

Lastly, Mr. Dorsey lodges a seemingly alternative argument whereby he contends that the workers' compensation judge erred in not enforcing the settlement agreement and, in turn, by not assessing a penalty in accordance with La.R.S. 23:1201(G) due to the alleged untimely payment of the settlement funds following the November 16, 2016 hearing. In his brief to the Court, he asserts that

he received a check in the amount of $19,200.00 on December 19, 2016.  Mr. Dorsey states that on January 23, 2017, he received a check for $23,701.85, which constituted the remainder of the settlement.  However, appellate courts will not, in general, consider issues that are raised for the first time on appeal and which were not addressed by the trial court.  *See* Uniform Rules—Courts of Appeal, Rule 1–3; *see also Allen v. Affordable Home Furnishings*, 13-176 (La.App. 3 Cir. 11/13/13), 130 So.3d 345.  Review of the record reveals that Mr. Dorsey's allegation that a penalty is owed for late payment of the settlement is presented for the first time on appeal and was not considered by the workers' compensation judge.  As such, we do not consider Mr. Dorsey's assertions regarding the penalty allegedly owed for late payment of the settlement funds.

### DECREE

For the foregoing reasons, the ruling of the workers' compensation judge, denying Mr. Dorsey's Motion to Amend Judgment and Motion for New Trial, is affirmed.  All costs of this proceeding are assessed against Carey Dorsey.

**AFFIRMED.**